[L. A. No. 831.   In Bank. — March 25, 1901.]

## CITY OF LOS ANGELES, Respondent, v. A. E. POMEROY and J. D. HOOKER, Appellants.

EMINENT DOMAIN — CONDEMNATION OF LAND BY CITY — HEAD-WORKS FOR WATER-SUPPLY — FINAL ORDER AFTER JUDGMENT — APPEAL — STAY OF PROCEEDINGS. — In an action by a city to condemn land for the construction of head-works for its domestic water-supply, a final order of condemnation, made after the judgment awarding damages has been affirmed, adjudging that the damages and costs awarded to the defendants have been paid, is appealable by the defendants as a special order made after final judgment.   The ordinary appeal bond is sufficient to entitle the appellants to a stay of proceedings pending the appeal, and the city will be restrained, until the termination of the appeal, from using the lands condemned, and constructing its head-works thereon.

MOTION to stay proceedings pending an appeal from a final order of the Superior Court of Los Angeles County condemning land.   Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

R. H. F. Variel, John G. North, and J. S. Chapman, for Appellants.

Walter F. Haas, City Attorney, and Lee & Scott, for Respondent.

THE COURT. — The plaintiff brought this action to condemn the lands described in the complaint for the purpose of constructing head-works for its domestic water-supply.   Such proceedings were had that a judgment of condemnation was made and entered in April, 1896, in favor of plaintiff, and awarding defendants the sum of twenty-five thousand dollars as damages for the land.   Upon appeal this judgment was affirmed by this court.   (*Los Angeles* v. *Pomeroy*, 124 Cal. 597.)   Upon the *remittitur* being sent to the court below, plaintiff made a motion for a final order of condemnation, alleging that the damages and costs awarded to defendants had been fully paid.   This motion was supported by affidavits on behalf of plaintiff.

Defendants opposed the motion, claiming that the amount

of damages had not been paid. At the same time, defendants asked leave to file affidavits in opposition to the motion, and to be permitted to file a motion to set aside the judgment and decree that had been entered. The court refused to hear defendants' motion, or to receive or hear the affidavits in opposition to plaintiff's motion.

Thereupon, on the twelfth day of July, 1899, the court made an order that a final order of condemnation be entered as prayed for, and as provided in section 1253 of the Code of Civil Procedure, which order was accordingly entered.

This was a special order, made after final judgment. (*California Street R. R. Co.* v. *Southern Pacific R. R. Co.*, 67 Cal. 63.) It was appealable. (Code Civ. Proc., subd. 3, sec. 939.) Within due time defendants appealed to this court from the said order, and gave an undertaking in due form in the sum of three hundred dollars, which appeal is now pending. The defendants claim that the court erred in making the final order without allowing them to offer evidence as to the fact of the damages not having been paid, and they claim that the judge was disqualified, and therefore had no authority to make the order. As these matters go to the merits of the appeal, they need not be here discussed. This is an application for a writ of *supersedeas.* The undertaking mentioned in section 941 of the Code of Civil Procedure stays all proceedings in the court below upon the order appealed from, except in those cases specified in sections 942, 943, 944, 945, and 949. The order appealed from is not one of the cases mentioned in either of said sections. The undertaking therefore stayed all proceedings. (Code Civ. Proc., sec. 946; *In re Woods,* 94 Cal. 567; *Root* v. *Bryant,* 54 Cal. 183.)

The motion for a stay of proceedings is granted, and the plaintiff is restrained from using the lands described in the complaint and from constructing head-works for its water system thereon pending this appeal, and until the final termination thereof.