[S. F. No. 1794.   Department One. — May 22, 1901.]

## CITY OF ALAMEDA, Respondent, v. EMILIE G. COHEN, Appellant.

EMINENT DOMAIN — CONDEMNATION OF LANDS FOR STREET — CONSTITUTIONAL LAW — CASES AFFIRMED. — The act of March 6, 1889 (Stats. 1889, p. 70), which provides for the opening and widening of streets, and for the condemnation of lands for that purpose, is constitutional and valid. The cases of *Davies* v. *Los Angeles*, 86 Cal. 37, and *Cohen* v. *Alameda*, 124 Cal. 504, are affirmed.

ID. — JUDGMENT OF CONDEMNATION — DEPOSIT IN COURT — COSTS. — The statute requires the payment or deposit in court of the money assessed as damages, by the judgment of condemnation, within thirty days after the judgment, and does not require the payment or deposit of costs, which may be allowed or not, in the discretion of the court.

ID. — DAMAGES FOR IMPROVEMENTS — PLEADING AND PROOF — IMPROPER ALLOWANCE OF SMALL SUM — DEFENDANT NOT PREJUDICED. — If the defendant desires to claim damages for improvements, such damages must be alleged and proved. If the court allows a small sum as damages for improvements, without pleading or proof, the defendant cannot complain of the allowance.

ID. — OPINION OF WITNESS — VALUE OF LAND TAKEN — NON-INJURY TO REMAINDER — SUPPORT OF JUDGMENT. — The opinion of a witness, who is shown by the evidence to be sufficiently qualified to give an opinion, and whose testimony is uncontradicted, both as to the value of the land taken and as to the fact that the extension of the street through the tract would not injure the land on either side, is sufficient to support a judgment of condemnation for the value of the land so testified to.

ID. — ARGUMENT UPON APPEAL — ERROR MUST BE POINTED OUT. — An appellant who relies upon an erroneous ruling must point it out clearly in his brief, referring to the folios and page where it can be examined by the court, which will not, in the absence of such reference, undertake to discover error by reading the entire transcript.

ID. — REFUSAL OF AWARD OF COMMISSIONERS — SMALLER JUDGMENT — LARGER ASSESSMENT — OBJECTIONS. — Where the defendant refused to accept from the commissioners the amount of damages awarded by them, and took the chances upon a judgment of condemnation, the fact that the amount of such judgment was less than the award of the commissioners, and less than the amount of the assessment required to be paid for the defendant's proportionate share of the expense of opening the street, is not a ground of objection to the judgment; nor can the defendant object that the statute is invalid because the whole expense might be assessed against one person.

ID. — IRREGULARITIES — CASE AFFIRMED. — Irregularities in the proceedings, such as were considered in *Cohen* v. *Alameda*, 124 Cal. 504, are held immaterial, upon the authority of that case.

ID. — PROCEEDINGS FOR CONDEMNATION — CONCLUSIVE EVIDENCE OF NECESSITY — COLLATERAL IRREGULARITIES. — In a proceeding under the law of eminent domain, to condemn land for the opening of a street, in pursuance of the statute, which does not require the proceedings to be set forth in the complaint, and makes the resolution and ordinance ordering the work conclusive evidence of necessity for the taking, mere collateral irregularities in the proceedings, not required to be pleaded or proved, cannot be considered.

ID. — IRREGULARITIES IN LEVYING ASSESSMENT — RIGHT OF CONDEMNATION NOT AFFECTED. — No irregularities in the levying of the assessment in the district in which the street is to be opened, which are not shown to be prejudicial to the defendant, or which might operate to his benefit, and no irregularity in the assessment of the defendant's land, can affect the right to condemn a portion of the land of the defendant for the opening of the street.

ID. — DEPOSIT OF DAMAGES — CONCLUSIVE ORDER — SOURCE OF FUND. — The deposit of the amount assessed for damages, as found by the court in the final order of condemnation, unappealed from, is conclusive upon the defendant, regardless of whether the money deposited was obtained by legal or illegal assessment.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Alfred H. Cohen, for Appellant.

George T. Wright, and J. W. Goodwin, for Respondent.

THE COURT. — Appeal from judgment in favor of plaintiff, condemning certain lands in the city of Alameda for a public street and from an order denying defendant's motion for a new trial. The main contention of appellant is, that the act of March 6, 1889 (Stats. 1889, p. 70), is unconstitutional. The act has heretofore been before this court, and held to be valid (*Davies* v. *Los Angeles*, 86 Cal. 37); and again in a case, in which this appellant was plaintiff, involving the validity of the assessment for the purpose of paying for the right of way and improvement involved in this suit. (*Cohen* v. *Alameda*, 124 Cal. 504.)

It is not necessary to further discuss this point, as it is settled upon reasons fully stated in said cases. It is also settled

in the latter case that the resolution of intention passed by the
board of trustees of the city of Alameda sufficiently described
the work, and the land necessary to be taken, and that the
assessment was made upon all the lands of the district. In
fact, the latter case may be here regarded as conclusive of the
constitutionality of the act, and as settling the principal con-
tentions of defendant as to irregularities in the assessment
upon which the proceedings are based. We will notice such
other objections as appear of importance.

It is claimed that the judgment is void because the record
shows that the amount of money deposited in court does not
include the costs of defendant. This would not show that the
judgment is void. The judgment of condemnation is the final
judgment. It became the duty of plaintiff to pay the money
assessed as damages within thirty days after such judgment,
or to deposit the same in court. (Code Civ. Proc., secs. 1251,
1252.) After payment has been made, the court must make a
final order of condemnation. A copy of this order must be
. filed in the recorder's office of the county where the land is
situated, and thereupon the title vests in the plaintiff for the
purposes specified. (Code Civ. Proc., sec. 1253.) This order
. of final condemnation was made, and it recited that the amount
of damages awarded had been deposited in court for defendant.
The order was not appealed from, and was an order made
after final judgment. (*Los Angeles* v. *Pomeroy,* 132 Cal. 340.)
The code does not require the costs to be paid or deposited in
court, but "the sum of money assessed" (Code Civ. Proc., sec.
1251); and costs may be allowed or not, in the discretion of the
court. (Code Civ. Proc., sec. 1255.) It was the duty of de-
fendant to allege and prove damages for improvements, if she
claimed such damages. (*Monterey County* v. *Cushing,* 83 Cal.
510; *San Diego Land etc. Co.* v. *Neale,* 88 Cal. 55.)

It is argued with apparent earnestness that the finding of
the court that the value of the land was the sum of $3,120, and
of the improvements, $50, is not supported by the evidence.
The witness Hanly testified, upon his direct examination, that
the value of the land was $3,500, but upon his cross-examina-
tion he withdrew this estimate, and placed it at $3,120. This
was the only evidence upon the subject, and is sufficient to
support the finding. It is admitted that he so testified, but it
is claimed that he is not an expert. Several pages of the tran-
script are taken up with questions and answers tending to

show the knowledge of the witness as to land values in the neighborhood. We think the witness showed himself sufficiently qualified to give an opinion, and even if he was not an expert, his evidence is in the record, and there is nothing to contradict it. It is said that there is absolutely no evidence in the record as to damages to improvements. Conceding this to be true, the defendant certainly cannot complain because given fifty dollars more than she was entitled to from the evidence. The finding does her no injury. The court found "that no damages will accrue to the portion of the lands of defendant, Emilie G. Cohen, not sought to be condemned by virtue of the severance therefrom of the portion to be condemned, and the construction of the improvements in the manner proposed by plaintiff."

It is said in appellant's brief, "There is positively no testimony as to whether said land will be damaged or not."

The witness Hanly was asked: "Does the circumstance of the extension of the street through the Cohen tract, as indicated on that exhibit 'A,' cause any damage to be suffered by the lands on either side of the extension? Does it damage the land on either side?" The witness answered, "I should not consider that it did." This evidence supports the finding.

It is contended by appellant, that the amount awarded her by the judgment of condemnation is less than the amount of the assessment that she was compelled to pay for her part of the expense of opening the street, and that the act is invalid because under its provisions the total expense of opening a street might be assessed against one person. This position cannot be maintained. The defendant had the right and the option of accepting from the commissioners the amount awarded her. She refused to do this, and took her chances upon the judgment in condemnation proceedings. If the judgment had been for more than the award of the commissioners, she would have been entitled to it; as it was for less, she must accept it. The statute provides a means by which the value of the property may be ascertained, and if the amount thus fixed is satisfactory to the owner, and he voluntarily conveys the right of way for such sum, the city would get title, without the expense and delay of a suit for condemnation. If the owner, however, is not satisfied, and refuses to accept the amount, or make the

conveyance, the property may be condemned as in other cases. (*Davies* v. *Los Angeles*, 86 Cal. 48.)

Certain errors are claimed in the overruling of objections to questions asked by plaintiff of certain witnesses, and in sustaining plaintiff's objections to certain other questions asked by defendant of her witnesses. We have examined the argument of counsel in his brief, and see no reasons given therein to convince us of any erroneous ruling. It is not shown whether, after an objection was overruled, the witness answered the question, or after an objection was sustained, the witness did not elsewhere testify to the fact sought to be elicited. The brief does not refer us to the folios or pages of the record where the alleged erroneous rulings may be found, and as the printed transcript contains 310 pages (930 folios), we have not the time, nor the inclination, to read it all for the purpose of discovering error. A party relying upon an erroneous ruling should point it out, and show that it is erroneous, referring to the folio and page where it can be examined. Much of appellant's brief is devoted to argument as to alleged irregularities in the proceedings taken for the purpose of levying the assessment, and proceedings subsequent to the assessment.

As before stated, the principal irregularities complained of were passed upon in *Cohen* v. *Alameda*, 124 Cal. 504. But, aside from this, the action is not for the purpose of setting aside an assessment; nor is it an action to collect an assessment. It is a proceeding under the law of eminent domain, as laid down in the Code of Civil Procedure. All the alleged irregularities are collateral to the main issue. The act provides (sec. 18): —

"If any owner of land to be taken neglects or refuses to accept the warrant drawn in his favor, as aforesaid, or objects to the report as to the necessity of taking his land, the commissioners, with the approval of the city counsel, may cause proceedings to be taken for the condemnation thereof, as provided by law under the right of eminent domain. The complaint may aver that it is necessary for the city to take or damage and condemn the said lands, or an easement therein, as the case may be, without setting forth the proceedings herein provided for, and the resolution and ordinance ordering said work to be done shall be conclusive evidence of such necessity."

It will thus be seen that the act dispenses with proof of the

regularity of the proceedings. If the resolution and ordinance are passed as in the act provided, the authority to bring the action exists. The answer of appellant sets forth the resolution and ordinance in full, and the court found that they were correctly set forth. They were regular in form, and, under the statute, are conclusive evidence of the public necessity for which the land is sought. In fact, the action may be brought under the general provisions of the Code of Civil Procedure relating to eminent domain. (*Los Angeles* v. *Leavis*, 119 Cal. 165; *Santa Cruz* v. *Enright*, 95 Cal. 105.)

If the proceedings in regard to levying the assessment in the district in which the street is to be opened should be conceded to be irregular, it does not follow that appellant would be injured. She alleges in her answer that she has certain property within the assessment district which was assessed. The district comprises only a portion of the city of Alameda, and if the assessment is void, then the damages awarded appellant might be paid from the general funds of the city. (*Los Angeles* v. *Leavis*, 119 Cal. 165.)

Appellant would, in such case, be benefited, and not injured, by the alleged irregular assessment. It was said in *San Francisco* v. *Kiernan*, 98 Cal. 623: "Whether the money thus tendered and paid into court for their use had been obtained by plaintiff through regular or irregular assessments on the property of others did not concern the appellants, nor affect the right of the plaintiff to condemn their lands which had not been assessed. The proceedings to assess and to enforce the payment of assessments are entirely distinct from actions to condemn land. There is no pretense that the money tendered was not the property of plaintiff, nor that it did not amount to just compensation. Therefore the rights of the appellants in this action could not have been prejudiced by defects in proceedings to assess the property of others."

The same principle applies here. If the appellant's land is irregularly assessed, it could not for this reason be held that the portion sought for a public street should not be condemned. The plaintiff has the right to condemn property for public streets. Appellant has been brought into court and evidence introduced. The court found the amount of damages to which she is entitled, and the evidence sustains the finding. The amount has been deposited in court as found by the court in its

final order of condemnation. This order has not been appealed from.

It is not the business of appellant to try the title of plaintiff to the $3,170. It is there for appellant, whether obtained by legal or illegal assessment.

The judgment and order are affirmed.

Hearing in Bank denied.