[Civ. No. 4150.   Second Appellate District, Division One.—September 30, 1924.]

COUNTY OF LOS ANGELES, Plaintiff and Appellant, v. RINDGE COMPANY (a Corporation), et al., Defendants and Appellants.

MARBLEHEAD LAND COMPANY (a Corporation), Appellant, v. COUNTY OF LOS ANGELES et al., Respondents.

[1] Judgments — Judicial Errors — Correction of — Procedure. — Judicial errors in the rendition of a judgment may not be amended except by means of an appeal or a motion for a new trial, or an order made in the manner and within the time provided by section 473 of the Code of Civil Procedure.

[2] Id.—Condemnation of Land—Judicial Errors—Jurisdiction.— Where no attempt was made to obtain a change in interlocutory and final judgments of condemnation of land for highway purposes by means of an appeal, motion for new trial, or an order under section 473 of the Code of Civil Procedure, the trial court, after the time limited under said section, and after affirmance of said judgments on appeal, did not have authority to make an order changing or adding to the terms of the interlocutory judgment for the purpose of correcting any judicial error in the rendition of the judgment.

[3] Condemnation of Land—Judgment—Description of Manner of Proposed Construction of Road.—Section 1253 of the Code of Civil Procedure does not require, in a judgment or final order of condemnation, a definite and clear description of the manner in which a road, for which land is condemned, is proposed to be constructed.

[4] Id.—Highway—Possession—Payment.—The right of a county to take and hold possession of a right of way for road purposes, in accordance with an order therefor duly made, is not dependent upon prior actual payment of compensation therefor to the owner of the property condemned and taken.

[5] Id. — Final Order of Condemnation — Vesting of Property in County for Highway Purposes — Difference from Road Proposed — Injunction — Public Use. — Where a final order of condemnation has been duly made and recorded, and the property

1.   Amendment of judgments, notes, 12 Am. Dec. 351; 62 Am. St. Rep. 233.   See, also, 14 Cal. Jur. 991, 999; 15 R. C. L. 673.
4.   See 13 Cal. Jur. 315; 10 R. C. L. 127.

described therein has vested in the county "for public highway
purposes," and the road as constructed has passed into actual
public use, an injunction will not be granted to interfere with the
enjoyment of that use on the ground that the manner of con-
struction of said road is different from that proposed and con-
templated in the condemnation proceeding.

[6] ID.—DEDICATION—PUBLIC USE—INJUNCTION.—Where property has
been dedicated to a public use, the operation thereof is in the in-
terest of the public, and should not be interrupted by an action to
recover possession thereof or to enjoin the continuance of the use.

(1) 34 **C. J.**, p. 215, sec. 437, p. 234, sec. 451.  (2) 20 **C. J.**,
p. 1063, sec. 448; 34 **C. J.**, p. 215, sec. 437, p. 234, sec. 451.  (3) 20
**C. J.**, p. 1059, sec. 443.  (4) 20 **C. J.**, p. 833, sec. 269.  (5) 20 **C. J.**,
p. 1176, sec. 536 (Anno.).  (6) 20 **C. J.**, p. 1156, sec. 520 (Anno.);
p. 1176, sec. 536 (Anno.).

APPEALS from orders of the Superior Court of Los
Angeles County granting motion to amend an interlocutory
judgment of condemnation; denying motion to amend a final
order of condemnation; denying motion to set aside a writ
of possession; denying motion to enjoin use by general
public of right of way condemned; and denying application
from a preliminary injunction. Also an appeal from a judg-
ment of said Superior Court in an action for an injunction.
Paul J. McCormick, Judge. Order granting motion to
amend said interlocutory judgment reversed; each of the
other orders affirmed; judgment in action for injunction
affirmed.

The facts are stated in the opinion of the court.

Newby & Palmer and Grant Jackson for Defendants and
Appellants in County of Los Angeles v. Rindge Company,
and for Appellant in Marblehead Land Company v. County
of Los Angeles et al.

Edward T. Bishop, County Counsel, Everett W. Mattoon,
Chief Deputy County Counsel, Albert W. Leeds, Deputy
County Counsel, A. J. Hill and Paul Vallee for Plaintiff
and Appellant in County of Los Angeles v. Rindge Company,
and for Respondents in Marblehead Land Company v.
County of Los Angeles et al.

6.  See 9 **Cal. Jur.** 76; 8 **R. C. L.** 914.

CONREY, P. J.—By agreement of the parties, a joint bill of exceptions was settled in these two cases, and the record was made up on a single transcript. In *County of Los Angeles* v. *Rindge Co. et al.* there is an appeal by the plaintiff from an order granting defendant's motion to amend the interlocutory judgment of condemnation; also an appeal by the defendants in that action from an order denying their motion to amend the final order of condemnation, and by the defendants from an order denying their motion to set aside, annul, and quash a writ of possession, and from an order denying their motion to restrain and enjoin the plaintiff from permitting or authorizing any use by the general public of the right of way condemned or for any purpose other than the construction of the road in the manner proposed by plaintiff. In *Marblehead Land Co.* v. *County of Los Angeles et al.* there is an appeal by the plaintiff from a judgment entered pursuant to an order sustaining a demurrer to the complaint without leave to amend; and an appeal from an order denying plaintiff's application for a preliminary injunction.

In the condemnation case, at the time when the case was on trial before the jury for the assessment of damages, evidence was introduced showing the location of the land proposed to be taken from the defendants for road purposes, and showing the manner in which it was proposed to construct the road, including the number, height, and location of sundry bridges crossing numerous small streams or stream beds intersecting the property of defendants, which property is known as the Malibu ranch. The jury made its assessment of compensation for the property to be taken, and of the damages suffered by reason of severance of the ranch into separate parts to be intersected by the highway as thus proposed and planned. The amount of damages to be awarded having been established by the verdict of a jury, the court pursuant to that verdict and pursuant to findings of fact made upon the issues other than those submitted to the jury, entered its "interlocutory judgment in condemnation," providing that upon paying or depositing in court for the defendants the sums awarded to them, the plaintiff take the lands described for the purposes alleged in the complaint, and that final judgment for the said property for the public

use in the manner proposed by the plaintiff be made and entered according to law. This "interlocutory judgment" was signed by the judge and filed on the fifth day of February, 1919, and entered on the eleventh day of February, 1919. A final order of condemnation was signed and filed on the eighteenth day of April, 1919, and entered on the twenty-ninth day of April, 1919, wherein and whereby it was adjudged that the described parcels of land be and the same are "hereby condemned for public highway purposes." Said judgments did not nor did either of them attempt to define the manner of construction to be observed by the county in building said road and the bridges, etc., any more definitely than is above shown in our description of said judgments.

On appeal from these judgments they were affirmed. (*County of Los Angeles* v. *Rindge Co.,* 53 Cal. App. 166 [200 Pac. 27] ; *Rindge Co.* v. *Los Angeles County,* 262 U. S. 700 [67 L. Ed. 1186, 43 Sup. Ct. Rep].) Other decisions incident to this litigation are: *County of Los Angeles* v. *Rindge Co.,* 53 Cal. App. 796 [200 Pac. 32] ; *Adamson* v. *County of Los Angeles,* 52 Cal. App. 125 [198 Pac. 52].

The several motions and the demurrer included in these appeals were brought before the superior court at one and the same time on a day in November, 1921, which was about five months after the judgments in the condemnation case had been affirmed by this court and nearly three years after the entry of those judgments. Evidence was received, and the several motions, as well as the demurrer to the complaint for injunction, were submitted for decision. Thereafter the court made its several orders from which appeals have been taken as above stated.

Upon the motion to amend the judgments in the condemnation case, the court made its ruling and entered the same in the minutes as follows: "The recitals in the findings of fact herein, as well as the recitals and mandate of the interlocutory judgment in condemnation herein, affirmatively and expressly show that the court, in decreeing condemnation and in awarding damages herein, did so upon the theory, plan and proposal of plaintiff to acquire a right of way and to construct thereon a specified road and highway. While the foregoing is apparent from an inspection of the record as

aforesaid, the language therein manifesting the same should be made more certain and definite so that the ambiguity and indefiniteness that now appears may be clarified and removed. The defendants' motion to amend said interlocutory judgment in condemnation is therefore granted, but the motion of defendants to amend the final order of condemnation is denied for the reason that the failure to include within said final judgment the matter now suggested by defendants' motion was a judicial error, and cannot be corrected by motion. (*O'Brien* v. *O'Brien,* 124 Cal. 428 [57 Pac. 225].) ''

If the reason given by the court for declining to amend the final order of condemnation is a sufficient and controlling reason, it is equally applicable to the motion to amend the interlocutory judgment. Apparently the court regarded the so-called interlocutory judgment as being different in its nature from a final judgment in an action and therefore subject to correction by him, although under like circumstances a final judgment could not be so corrected. It appears, however, to be the law that the so-called interlocutory judgment in condemnation, since it was the judgment which determined the amount of compensation to be paid, was a final judgment; and that the so-called final order of condemnation was in the nature of special order made after final judgment. (*California So. R. R. Co.* v. *Southern Pac. R. R. Co.,* 67 Cal. 59 [7 Pac. 123]; *City of Los Angeles* v. *Pomeroy,* 132 Cal. 340 [64 Pac. 477]; *City of Alameda* v. *Cohen,* 133 Cal. 5 [65 Pac. 127].)

[1] It is well established that judicial errors in the rendition of a judgment may not be amended except by means of an appeal or a motion for a new trial, or an order made in the manner and within the time provided by section 473 of the Code of Civil Procedure. [2] No attempt was made to obtain a change in these judgments through any of these modes of procedure. But after the time limited under section 473, and after the affirmance of the judgments, the defendants have sought and obtained the change which we have described, in the interlocutory judgment. If there was an error in that judgment amounting only to a clerical mistake or misprision, the court had power to correct it. But the

court did not have authority to make its said order changing or adding to the terms of the interlocutory judgment, for the purpose of correcting any judicial error in the rendition of the judgment. (*Takewawa* v. *Hole,* 170 Cal. 323 [149 Pac. 593] ; *Goatman* v. *Fuller,* 191 Cal. 245 [216 Pac. 35].)

There is no difficulty in applying the rule, except where the record is not clear upon the question whether or not the error was clerical in its nature or was a judicial error. In the case at bar there is no evidence of any clerical error or omission on the part of the clerk, or even of the judge, whereby anything contained in the judgment as rendered was omitted from the judgment as entered by the clerk.

Overruling the objections of the plaintiff at the hearing of the motions for amendment of these judgments, the court received a large amount of evidence, consisting of the pleadings in the action and the testimony of witnesses given at the trial, with sundry other proceedings therein, together with an affidavit showing that the road as actually constructed is in various particulars different from the proposed road on which the estimates were made at the trial of the action. Without pausing to determine whether the court erred or did not err in admitting some of this evidence, we will deal directly with its effect. Conceding that, as shown by the evidence, the damages awarded to the defendants were assessed on the theory that the road would be constructed by the county in all respects in the manner proposed, as shown by the complaint, maps, profiles, and other evidence, the effect of such evidence, as applied to the motions then under consideration by the court, could go no further than to indicate that the court appropriately could or possibly should have included in its judgment a definite and clear description of the manner in which the road was proposed to be constructed. [3] It may be proper to notice, however, that the statute does not require any such statement in a judgment or final order of condemnation. (Sec. 1253, Code Civ. Proc.) But proof that under the issues presented and the evidence produced a court should have included in its judgment matters of substance which in fact were omitted therefrom, is not proof of anything in the nature of a clerical error or misprision. If any such omission was made it was

a judicial error, which could not be cured at the time and in the manner attempted in this instance.

The complaint in *Marblehead Land Co.* v. *County of Los Angeles* gives the history of the litigation to condemn the highway. After reciting the making of the interlocutory judgment of condemnation, the final order of condemnation, and the order authorizing plaintiff to take possession and use of the property, it then alleges that the county of Los Angeles did not construct the road in the manner and according to the method ordered in the interlocutory judgment of condemnation, in the final order of condemnation, or as prescribed by the order of possession; but constructed in lieu of the road decreed to be constructed, and for the construction of which the property had been condemned, and in contemplation of the construction of which, and not otherwise, the damages awarded to the Rindge Company and May K. Rindge were claimed, ascertained, and fixed and awarded, a much inferior, less costly, and totally different kind and character of road, to wit, a road throughout the greater part thereof averaging from eight to ten feet in width only (instead of a proposed width of twenty-two feet), and at no point exceeding twelve feet in width, at a total cost not to exceed $64,755.44 (instead of the estimated cost of $188,627.90), with practically none of the pipes or headwalls described or included in the estimate of the road decreed to be constructed, and with none if the bridges prescribed by or included in the estimates, and with only seven bridges or trestles altogether, each of which was less in width, and far less in length, and each of which (except the one at Las Flores canyon thereinafter described) were far less in height and clearance and of a different and much inferior and less costly type of construction than the bridges specified and estimated respectively for each of the points where the same were constructed; and then summarizes descriptively the type of bridge proposed to be constructed as compared with that actually constructed.

The company alleges that ever since on or about the twenty-fifth day of July, 1921, it has been the owner of the Malibu ranch, "through which said road has been constructed," as successor in interest of May K. Rindge and the Rindge Company, defendants in the action for condemna-

tion of a right of way for said road; that by reason of the
facts which were summarized in the preceding paragraph,
and particularly by reason of the failure of the county to
construct the road in the manner proposed and contem-
plated in said condemnation action, and by reason of the
actual construction thereof in the manner described in the
complaint for injunction, the said Malibu ranch has been
seriously damaged in a far larger amount than the amount
awarded by the jury and the court in said condemnation
suit, and that the said road as constructed is of far greater
damage and detriment to the said remaining property of the
plaintiff on said ranch than would have been a road con-
structed in the manner contemplated by the estimates and
proposals made by the county in said condemnation suit;
and that by reason of said facts the county has failed to
furnish the owner of the ranch the various passageways
for livestock provided for in said estimate for said road,
and has made it highly dangerous to maintain livestock
and cattle on said ranch and has increased and will in-
crease the cost and expense of keeping said cattle and other
livestock upon said ranch and preventing them from stray-
ing along and upon said road and out of said ranch, all to
the great and irreparable damage of the plaintiff Marble-
head Land Company. It is further alleged that notwith-
standing the foregoing facts alleged in the complaint (and
which are therein set forth with great particularity), the
defendants, the County of Los Angeles and its board of
supervisors, did, on the second day of November, 1921,
unlawfully and illegally open said road along the whole
length of said highway to use by the general public, against
the protest of the plaintiff "and contrary to plaintiff's legal
and equitable and constitutional rights in the premises,"
and threaten and intend to and will, unless restrained by the
court, unlawfully and illegally keep open said highway in-
volved in said condemnation suit, and said road as so im-
properly and inadequately constructed thereon, and un-
fenced, for general use by the public, to the great and ir-
reparable damage and injury of the plaintiff. Basing its
claim upon the facts thus set forth, the plaintiff prayed for
an injunction to prevent the defendants from keeping open
said road or any part thereof along said forty-foot right

of way to the general public, or to any person other than such persons as are necessary to the further proper construction of the road.

To said complaint the defendants interposed a general demurrer. This demurrer having been submitted to the court was sustained without leave to amend. Thereupon judgment was entered in favor of the defendants; from which judgment the plaintiff now appeals.

On behalf of appellant Marblehead Land Company, it is contended that it was the duty of the county to construct the road in the manner and according to the methods shown by the evidence; that until this has been done, the county is not entitled to open the road or permit its use by the general public or for any purpose other than constructing it in the manner prescribed; that injunction is the appropriate remedy of the owner to prevent the road from being opened to the public before it has been constructed in the manner proposed by the plaintiff at the trial of the condemnation action.

It should be conceded that in a case where severance damages have been estimated and awarded in accordance with a proposed plan of construction, the authorities in charge of the construction of a public road or other improvement should not wantonly and arbitrarily, by a different mode or plan of construction, increase the loss and damage suffered by the owner of the property condemned and taken for the public use. It has been held that where private property was in fact taken for public use without having been condemned and paid for under the provisions of law relating to eminent domain, the owner may recover compensation therefor in an appropriate action, notwithstanding that the mode of its taking was unauthorized. (*Tyler* v. *Tehama County,* 109 Cal. 618, 625 [42 Pac. 240].) Although perhaps the precise point has not been decided in this state, we perceive no good reason why additional compensation might not be recovered, after a prior award in a condemnation proceeding, upon proof being made that by reason of changes made in the improvement as actually constructed, damages were incurred which were not taken into account and could not properly be taken into account in the assess-

ment of damages made by the jury in the trial of the condemnation suit.

But the action of the Marblehead Land Company is by the terms of the complaint confined to a demand for relief by injunction. The complaint admits that a road has been constructed and completed, and that by order of the board of supervisors of the county this road was opened to use by the general public prior to the filing of the complaint. By virtue of proceedings duly conducted according to law, it has been finally determined that the right of way through the Malibu ranch is necessary for the public use, and the right of the county to take possession thereof for road purposes has been finally established. [4] Moreover, the right of a county to take and hold possession of a right of way for road purposes, in accordance with an order therefor duly made, is not dependent upon prior actual payment of compensation therefor to the owner of the property condemned and taken. (*Marblehead Land Co.* v. *Superior Court,* 62 Cal. App. 408 [217 Pac. 536].) The final order of condemnation having been duly made and recorded, the property described therein has vested in the county "for the purposes therein specified" (Code Civ. Proc., sec. 1253); that is to say, as was declared in the order made in the condemnation case, "for public highway purposes."

[5] Under the circumstances thus appearing, and the road as constructed having passed into actual public use, an injunction will not be granted to interfere with the enjoyment of that use. [6] Where property has been dedicated to a public use, the operation thereof is in the interest of the public, and should not be interrupted by an action to recover possession thereof or to enjoin the continuance of the use. An extensive review of the cases declaring this doctrine will be found in *Miller & Lux., Inc.,* v. *Enterprise Canal & Land Co.,* 169 Cal. 415 [147 Pac. 567]. In most of these cases the use was one which had become established by consent of the owner or by his passive acquiescence therein; but the rule as declared in these decisions is not based upon the doctrine of estoppel. It rests upon considerations of public policy "under which the rights of the citizen are sometimes abridged in the interests of the public welfare." We think that the principle is equally applicable notwithstanding the continued opposition of the owner of

the land, and notwithstanding that he has always objected, when it appears, as it does in the present case that the property has been duly and lawfully condemned for such public use, and that the property has passed into public use in due compliance with the law governing condemnation proceedings. Let it be conceded, for the purposes of the argument, that the county, so far as the element of good faith is concerned, should have constructed this road, with its bridges and appurtenances, substantially in accordance with the plans which were presented to the jury in the trial of the condemnation suit. Even so, we do not find in the statutes or in the decisions any requirement which compels the county to build the road exactly according to the plan which was shown to have been contemplated in the case presented to the jury, or which prevents the county from changing the method or plans of construction, so long as the road is actually constructed as a public highway within the limits of the land actually taken and condemned for highway purposes.

The order made by the court below in *County of Los Angeles* v. *Rindge Co. et al.*, granting the motion to amend the interlocutory judgment of condemnation, is reversed. Each of the other orders included in these appeals is affirmed. The judgment in *Marblehead Land Co.* v. *County of Los Angeles et al.* is affirmed.

Houser, J., and Curtis, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on November 28, 1924.