[Civ. No. 5353.    Second Appellate District, Division One.—January 10, 1927.]

THE CITY OF SAN DIEGO (a Municipal Corporation), Respondent, *v.* THE CUYAMACA WATER COMPANY (a Corporation) et al., Appellants; LA MESA, LEMON GROVE & SPRING VALLEY IRRIGATION DISTRICT, Intervener and Appellant.

[1] CONDEMNATION OF LAND—INTERLOCUTORY. AND FINAL JUDGMENTS.— In an action or proceeding for condemnation of land, the judgment which affirms the right to condemn, and determines the amount of compensation to be paid, although sometimes called an interlocutory judgment, is in its nature the final or principal judgment; the so-called final order of condemnation is in the nature of a special order made after final judgment.

[2] ID. — JUDGMENT OF CONDEMNATION — RENDITION OF — ABSENCE OF FORMAL ENTRY—APPEAL—FINDINGS—CONCLUSION OF LAW.—In an action for condemnation of land, a judgment of condemnation was duly rendered, from which an appeal by defendants will lie although no formal entry of the judgment of condemnation was made, where the trial court, after the jury had returned and filed its verdict as to the issues of compensation and damages, signed and filed findings of fact as to the other issues involved (which findings did not mention the amount of compensation and damages awarded) and conclusions of law to the effect that plaintiff was entitled to a judgment of condemnation, and directed that judgment be entered accordingly.

[3] APPEAL—SECTION 939, CODE OF CIVIL PROCEDURE—CONSTRUCTION.— The provision of section 939 of the Code of Civil Procedure that

---

1.   See 10 Cal. Jur. 419, 424.
3.   See 2 Cal. Jur. 398.

no appeal shall be dismissed upon the ground that it was taken after the rendition of judgment and before formal entry assumes an existing judgment from and after the rendition of the judgment.

[4] Condemnation of Land — Verdict — Judgment — Findings — Conclusions of Law.—In such action, as soon as the matters which were to be tried by the court without a jury were settled by the filing of findings of fact and the court's order thereon, it immediately became appropriate to enter judgment in accordance with the verdict of the jury as supplemented by the court's findings of fact and conclusions of law.

[5] Id. — Order Granting New Trial — Effect upon Judgment — Appeal.—An order granting a new trial does not absolutely vacate the judgment; the judgment is absolutely vacated only when such an order becomes a finality; and pending an appeal from the order granting a new trial of the issues which were determined by the jury, the judgment remains in existence as a judgment of the trial court, although subject to modification as to the amount of awards if the order shall be affirmed and if there shall thereafter be another trial of those issues.

---

(1) 20 C. J., p. 1096, n. 27, p. 1098, n. 33.    (2) 3 C. J., p. 600, n. 35, p. 601, n. 36, p. 613, n. 26; 20 C. J., p. 1105, n. 16 New.    (3) 3 C. J., p. 613, n. 26; 4 C. J., p. 785, n. 13 New.    (4) 20 C. J., p. 1059, n. 53 New.    (5) 20 C. J., p. 1098, n. 40 New.

MOTION to dismiss appeal from part of judgment of the Superior Court of Orange County. M. W. Conkling, Judge Presiding. Motion denied.

The facts are stated in the opinion of the court.

Crouch & Sanders and Sweet, Stearns & Forward for Appellants.

S. J. Higgins, City Attorney, Arthur F. H. Wright and Hunsaker, Britt & Cosgrove for Respondent.

CONREY, P. J.—In this action to condemn real property for public use, compensation and damages were assessed by a jury's verdict, which was returned and filed on the ninth day of July, 1925. Other issues relating to the action were tried before the court without a jury, and on those

---

5.    See 20 Cal. Jur. 200.

issues findings of fact were signed by the judge and filed on the twenty-second day of August, 1925. These findings, while they recite that an order had been made directing that the issues involving compensation and damages be submitted to a jury, did not directly include any statement of the amount of compensation and damages which had been awarded by the jury. The court, however, did proceed to include, with its findings of fact, conclusions of law to the effect that the plaintiff is entitled to a judgment of condemnation, and directed that judgment be entered accordingly.

Thereafter, the plaintiff served and filed its notice of intention to move for a new trial of the issues submitted to and determined by the jury. On the 4th of September, 1925, the court made and entered an order granting plaintiff's said motion for a new trial of that portion of the case decided by the jury. Formal entry of the judgment of condemnation has not been made. On the thirtieth day of September, 1925, the defendants served and filed notice of appeal "from that certain portion of the judgment made and rendered in said action on the 22nd day of August, 1925, which adjudges that the plaintiff is entitled to condemn the lands described in its complaint as amended, subject to the reservations and restrictions contained therein and the further restrictions in the findings of fact and conclusions of law specified"; also "from the order made and entered on the 4th day of September, 1925, granting plaintiff's motion for a new trial of that portion of the case decided by the jury and setting aside the verdict of the jury heretofore rendered in said action on the 9th day of July, 1925, and from the whole of said order."

Now comes the plaintiff and moves that an order be made dismissing the appeal which is an appeal from a part of the judgment. This motion is made "upon the ground that no final judgment has been rendered, given, or entered in said action, and that said appeal was prematurely taken."

[1] In an action or proceeding of this kind, the judgment which affirms the right to condemn, and determines the amount of compensation to be paid, although sometimes called an interlocutory judgment, is in its nature the final or principal judgment. The so-called final order of condemnation is in the nature of a special order made after

final judgment. (*County of Los Angeles* v. *Rindge,* 69 Cal. App. 72, 76 [230 Pac. 468].) The point urged by respondent here is not based upon any claim that the judgment directed by the conclusions of law will be an interlocutory and not a final judgment, so far as the nature of the judgment is concerned. [2] The contention of respondent is that the appeal is premature because the judgment actually has not been rendered by the trial court. It is provided by section 939 of the Code of Civil Procedure that no appeal shall be dismissed upon the ground that it was taken after the rendition of judgment and before formal entry.

It is not necessary to discuss here the meaning of the words "rendition of judgment," or the difference between the rendition and the entry of a judgment. The subject has been covered and the principal earlier decisions reviewed in a recent decision of the supreme court. (*Aspegren & Co., Inc.,* v. *Sherwood, Swan & Co.,* 199 Cal. 532 [250 Pac. 400].) In accordance with our understanding of those decisions, we are of the opinion that the appeal against which the motion is directed was not premature, if there had been a rendition of judgment prior to the date of the notice of appeal; and that we have only to determine on this motion the question whether or not the signing and filing of the findings of fact and conclusions of law—closing with the order, "Let judgment be entered accordingly," and preceded as it was by the verdict of the jury—constitutes a rendition of the judgment of such form and force that there remained only the ministerial act of entry of the judgment in order to place the same fully upon the record as the complete judgment of the court.

We think that it should be conceded that at the time when the findings of fact and conclusions of law were signed and filed, the entire cause was before the court ready for decision, and that the court then and there had power to render its judgment. If the assessment of compensation and damages to be paid had been included in the matters submitted to the court without a jury, and if the findings of fact had included the items of compensation and damages, the court having thus determined at one time all of the issues of fact in the case, could have rendered a judgment, and its order that "judgment be entered accordingly" would have been the rendition of judgment, and would have entitled any dis-

satisfied party to appeal without waiting for entry of the judgment. The fact that here the compensation and damages had been awarded by the verdict of a jury really makes no material difference in the situation. The verdict of the jury having been entered and the findings of fact having been made, the court had the right to and presumably did take cognizance of the record containing the verdict, as part of the basis of its order for entry of judgment. The court was vested with this authority just as completely as if the facts so determined by the jury had been included in findings of fact by a judge trying the case without a jury.

In accordance with the views hereinabove expressed, we conclude that from and after the twenty-second day of August, 1925, there was in existence a judgment duly rendered, from which the defendants had a present right of appeal. It may be granted that there is no such thing as an appeal from findings of fact and conclusions of law or from a verdict of the jury. No doubt that is the law. But when the court has added to these determinations of fact its conclusions of law and its order that judgment be entered accordingly, there exists in contemplation of law a judgment, notwithstanding that the formal entry thereof has not been made. [3] The provision to which we have referred, of section 939 of the Code of Civil Procedure, assumes an existing judgment from and after the rendition of judgment.

Counsel for respondent suggests that, giving to the conclusions of law the construction most favorable to defendants, they cannot be held to constitute a direction by the court to the clerk to enter a judgment fixing the amount of the damages, and that before any judgment was rendered the verdict was set aside and a new trial granted as to the issues affecting the amount of damages. We have stated herein our opinion that upon a reasonable construction of the conclusions of law and the order of the court that judgment be entered accordingly, these conclusions and this order, based upon all of the facts as theretofore determined, did constitute a rendition of judgment. The general rule concerning judgments based upon verdicts is established by statute. Section 664 of the Code of Civil Procedure directs that the clerk enter judgment in conformity to the verdict within twenty-four hours after the rendition of the verdict,

unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings. We are not aware that there is in the record any order of the court directly staying the entry of the judgment upon the verdict, but it may be assumed that the actual entry of judgment upon the verdict was stayed, as appropriately as it should have been, until the determination by the court of those matters which were to be tried by the court without a jury. [4] As soon as those matters were settled by the filing of findings of fact and the court's order thereon to which we have referred, it immediately became appropriate to enter judgment in accordance with the verdict of the jury as supplemented by the court's findings of fact and conclusions of law.

Although in connection with this point counsel for appellant have mentioned the order granting a new trial, we do not understand it to be insisted upon or claimed that the granting of the motion for new trial, if in fact a judgment had been rendered, would in any way affect the right of appeal from the judgment. [5] An order granting a new trial does not absolutely vacate the judgment; the judgment is absolutely vacated only when such an order becomes a finality. (*Sherwin* v. *Southern Pacific Co.*, 168 Cal. 722 [145 Pac. 92].) Pending the appeal from the order granting a new trial of the issues which were determined by the jury, the judgment remains in existence as a judgment of the trial court, although subject to modification as to the amount of the awards if the order shall be affirmed and if there shall thereafter be another trial of those issues.

The motion to dismiss appeal from part of the judgment is denied.

Houser, J., and York, J., concurred.