[Civ. No. 7584. Second Appellate District, Division Two.—October 24, 1930.]

F. W. BECKER et al., Respondents, v. LEE H. HENDRICKS et al., Appellants.

Howard F. Shepherd for Appellants.

Samuel J. Crawford for Respondents.

WORKS, P. J.—Respondents brought two actions to quiet title to certain units or certificates of beneficial interest in appellant Highboy Coaster Trust, a common-law trust. Judgment was rendered in each of these actions and appeals were taken to the Supreme Court therefrom. These appeals are still pending. After the appeals were prosecuted respondents brought the proceeding in which this petition for the writ of *supersedeas* is presented. Judgment went therein for plaintiffs and defendants appealed to this court. The writ of *supersedeas* is asked by appellants here in order that the fruits of their victory may be preserved in the event that they are successful upon the appeal.

The proceeding which is on appeal here is one for the writ of mandate requiring the appellant Highboy Coaster Trust to submit its records to the inspection of respondents. The latter claim the right to inspect under the provisions of section 377 of the Civil Code, which are to the effect that the members or stockholders of a corporation are entitled to inspect its records.

The execution of the judgment from which an appeal has been taken to this court was not stayed by the appeal and the writ of *supersedeas* is necessary to effect such a stay (Code Civ. Proc., sec. 949). We think the issuance of the writ is requisite to the protection of appellants. Otherwise, if the judgment in the mandate proceeding shall be reversed, appellant Highboy Coaster Trust will have suffered an inspection of its records by those not entitled to such inspection.

In issuing the writ of *supersedeas* we are not to be understood as deciding either that section 377 of the Civil Code does or does not apply to common-law trusts.

Let a writ of *supersedeas* issue, pending the appeal, undertaking thereunder to be in the sum of $1,000, to be approved by one of the justices of this court.

Craig, J., and Thompson (Ira. F.), J., concurred.