[Civ. No. 9896. Second Appellate District, Division Two.—October 9, 1934.]

RALPH E. CAPRON, Petitioner and Respondent, v. PACIFIC SOUTHWEST DISCOUNT CORPORATION (a Corporation) et al., Respondents and Appellants.

Kenyon F. Lee for Petitioner and Respondent.

Elmer P. Bromley and H. E. Lindersmith for Respondents and Appellants.

DESMOND, J.—A writ of *mandamus* having been issued by the superior court requiring Pacific Southwest Discount Corporation, a foreign corporation, to submit its books of account and minutes of proceedings of shareholders and

directors to inspection by a shareholder and his accountant, said corporation appealed therefrom. A petition for a writ of *supersedeas* was thereafter filed by which it was alleged that said shareholder, Ralph E. Capron, threatened to execute the order mentioned notwithstanding the appeal, and a writ was issued to hold the matter *in statu quo* until final determination of the issues in dispute. Said shareholder has interposed a motion to vacate said writ of *supersedeas*.

In support of the *supersedeas* it is asserted that such inspection and copying from the records is intended but to foster the personal gains of the shareholder and to prevent the company from buying certain of its outstanding shares. On the other hand it is contended, in turn, that inspection is desired in order to determine the value of Capron's shares, and is for a purpose reasonably related to his interests; that the alleged intention of the company to purchase outstanding shares does not appear to have been authorized by its directors; that there is no allegation in the petition for the writ of *supersedeas* that the funds to be used therefor will not impair its capital, and further that no inspection of the share register was demanded. It does appear that an inspection of said register was demanded and that the demand was withdrawn; but it is not even suggested, nor may it be, that this is by statute made indispensable to the right afforded by section 355 of the Civil Code, upon which the parties rely. Said section provides, in part: ''The share register or duplicate share register, *the books of account and minutes of proceedings of the shareholders and directors* shall be open to inspection upon the written demand of any member or shareholder or holder of a voting trust certificate at any reasonable time, and for a purpose reasonably related to his interests as a shareholder.'' Arguments against issuance of a writ of *supersedeas* which to be sustained require proof of unlawful motives, underlying the demand for inspection as indicated, and counter charges upon such issues, must be left to the main proceeding wherein the right claimed was granted and is in controversy upon the appeal. (*City of Los Angeles* v. *Pomeroy*, 132 Cal. 340 [64 Pac. 477].) But since the determination below may or may not be upheld, and the purposes of an appeal may be rendered ineffectual in the event of enforcement of the order pending appeal,

*supersedeas* is the proper remedy to preserve the *status quo* so that the rights involved may not be lost or prejudiced by reason of the intervening execution of such order. *Becker* v. *Hendricks,* 109 Cal. App. 166 [292 Pac. 546], is decisive of the questions here presented.

The motion to vacate the writ of *supersedeas* prior to final determination of the appeal is denied.

Stephens, P. J., and Scott, J., *pro tem.,* concurred.