[Civ. No. 11959.   Third Dist.   Sept. 26, 1968.]

SHELDON R. LUCE et al., Plaintiffs and Respondents, v. CLEAR LAKE WATER COMPANY, Defendant and Appellant.

John A. Young for Defendant and Appellant.

Kelvin L. Taylor, Fairfax & Cliff and Frank B. Cliff for Plaintiffs and Respondents.

THE COURT.—As a result of an inverse condemnation suit, plaintiff landowners secured an "interlocutory" judgment on July 14, 1967, declaring defendant water company entitled to a decree of condemnation, declaring plaintiffs' entitlement to judgment for $8,501.60 plus interest from September 30, 1960, and ordering a final decree of condemnation upon defendant's deposit of the money in court. The water company appealed, but put up no money or security. Plaintiffs applied to the trial court for an order requiring deposit in court, and on June 6, 1968, the trial court filed such an order. The water company appealed from that order too. The landowners then moved to dismiss the company's appeal from the inverse condemnation judgment.

The water company does not dispute the assertion that it occupies the landowners' property and has not complied with the deposit order. The motion is addressed to the inherent power of an appellate court to dismiss the appeal of one who deliberately refuses compliance with a valid order of the trial court. (*Estate of Scott*, 150 Cal.App.2d 590, 594 [310 P.2d 46].)

The water company is not on sound ground in assailing the trial court's jurisdiction to make the order. For most purposes, an interlocutory decree of condemnation is a final judgment in the sense that it adjudicates the condemnee's right of compensation and the amount of the award. (*Bank of America* v. *City of Glendale*, 4 Cal.2d 477, 481 [50 P.2d 1035]; *San Diego* v. *Cuyamaca Water Co.*, 80 Cal.App. 599, 601-602 [251 P. 341].) Section 942, Code of Civil Procedure, requires an undertaking for the stay of a money judgment pending appeal. There is no authority, one way or the other, to indicate whether this provision covers an inverse condemnation judgment. (Cf., *Colusa, etc., R.R. Co.* v. *Superior Court*, 31 Cal.App. 746, 750 [161 P. 1011].) If it does, the water company was required to put up a stay bond or deposit. (Code Civ. Proc., §§ 942, 948.) If it does not, another statute, Code of Civil Procedure section 949, authorized the trial court to require an undertaking conditioned upon performance of the judgment. The water company could then have elected to make an equivalent deposit in court. (Code Civ. Proc., § 948.) In this case the trial court's order did not precisely conform to section 949, for it directed only a deposit of money without supplying the alternative of a stay bond.

An alternative source of jurisdiction is the trial court's inherent power to devise suitable ancillary procedures in inverse condemnation cases. (*Citizens Utilities Co.* v. *Superior Court*, 59 Cal.2d 805, 812-813 [31 Cal.Rptr. 316, 382 P.2d 356].) In a direct condemnation action, the condemnor must put up a deposit in order to gain possession of the property pending appeal. (Code Civ. Proc., § 1254.) Here the condemnor does not deny that it has possession. In the absence of an analogous statutory provision covering inverse condemnation suits, the present order was a valid exercise of the trial court's inherent power.

Although the water company has failed to conform to a valid order, the court is somewhat impressed with its argument that dismissal of the appeal from the judgment is too harsh a sanction. (See *Tobin* v. *Casaus*, 128 Cal.App.2d 588,

592-593 [275 P.2d 792, 49 A.L.R.2d 1419].) Had the problem been approached via Code of Civil Procedure section 949, the company would have had a choice between an appeal bond and a cash deposit. It should have that choice now.

The appeal will be dismissed 20 days from the filing of this order, unless within that time the appellant complies with the trial court's deposit order filed June 6, 1968, or, in the alternative, files an undertaking on appeal executed by a corporate surety in an amount one and one-half times that necessary to discharge the judgment as of the date of its rendition, July 14, 1967.