[Civ. No. 7838. Second Appellate District, Division Two.—April 14, 1933.]

W. HASENDAHL, Respondent, v. J. D. HALSTEAD LUMBER COMPANY (a Corporation), Appellant.

Benjamin & Benjamin and Aaron Elmore for Appellant.

L. Lee Bernstein for Respondent.

ARCHBALD, J., *pro tem.*—Respondent has moved to dismiss the appeal. Plaintiff recovered a money. judgment for $4,063.22 against defendant, who thereafter filed a bond under section 942 of the Code of Civil Procedure in double the .amount of the judgment, to stay execution thereon. Subsequently the sureties on such bond became insufficient and the trial court ordered a sufficient undertaking to be filed by a date named or "the execution shall not longer be stayed in this cause and the clerk of this court is directed thereafter to issue an execution". No bond was filed in compliance with such order, and execution issued.

 Respondent now contends that as there is no undertaking to which he can look to secure payment of his costs on appeal, if any are awarded, under sections 942 and 1057 of the Code of Civil Procedure appellant has failed to furnish one of the "requisite papers" for the support of its appeal and that the same should be dismissed under section 954 of the Code of Civil Procedure.

Prior to 1921 section 940 of the Code of Civil Procedure required as one of the requisites of an appeal the filing of an undertaking on appeal, and section 941 of the same code then in effect provided that such undertaking was to "pay all damages and costs which may be awarded against [appellant] on the appeal . . . not exceeding three hundred dollars". In 1921 the legislature repealed section 941 as it then stood and struck out that part of section 940 which made a bond on appeal one of the effective requisites (Stats. 1921, p. 193), thus making "the mere filing of a notice with the clerk effective to take the appeal in all cases". (*People* v. *Jackson,* 190 Cal. 257, 262 [212 Pac. 4, 6].)

 The only "right" obtained by an appellant under section 942 of the Code of Civil Procedure is to have execution stayed on a money judgment against him, and that is the only right he can lose by a failure to file a sufficient bond under section 1057 of the same code. The language of section 954 of the Code of Civil Procedure providing that "no appeal can be dismissed for insufficiency of the undertaking if a good and sufficient undertaking . . . be filed . . . before the hearing upon motion to dismiss the appeal" refers to the appeal bond which was formerly a requisite to support the appeal, but was apparently overlooked by the

legislature when that provision was repealed. The section last mentioned was amended in 1907 (Stats. 1907, p. 579), by adding to the section as it then stood and following the language quoted, a provision referring to a stay bond as distinguished from an appeal bond, and providing as a penalty for the failure to file a sufficient bond in the event of the one filed becoming inadequate or lost that "execution may issue" the same as if no bond had been filed. (*Mersfelder* v. *Spring*, 136 Cal. 619 [69 Pac. 251].) Now there is no bond required to cover costs on appeal unless an appellant obtains a stay of execution under section 942 by filing an undertaking. The right to obtain a stay, however, is discretionary with appellant. To adopt respondent's contention would make it imperative on everyone appealing from a money judgment to obtain a stay of execution by filing a stay bond. The legislature has not so provided, but by repealing the provision for a cost bond on appeal has clearly indicated a contrary intention.

Motion denied.

Works, P. J., and Craig, J., concurred.