[S.F. No. 22929. In Bank. Dec. 19, 1972.]

MARTY BUCHWALD et al., Plaintiffs and Respondents, v.
MATTHEW KATZ, Defendant and Appellant.

494

## COUNSEL

Marvin G. Burns, John Petrasich, Fulop, Rolston, Burns & McKittrick, Penrod & Himelstein and Mark Himelstein for Defendant and Appellant.

Marilyn Shinderman, Gerald Friedman, Arthur Stahl, Lelia H. Jabin, Howard L. Thaler and Owen J. Sloane as Amici Curiae on behalf of Defendant and Appellant.

Maxwell Keith, Philip Keith, William K. Coblentz and Jacobs, Sills & Coblentz for Plaintiffs and Respondents.

## OPINION

**SULLIVAN, J.**—Marty Buchwald, Jorma Kaukonen, John Casady, Paul Kantner and Signe Anderson, collectively comprising a professional music group known as "The Jefferson Airplane," individually entered into identical "personal management" contracts with Matthew Katz. The contracts pro-

vided that Katz would receive a percentage of each performer's earnings in return for acting as adviser, counselor and manager for each in his professional music career. The agreements explicitly stated that Katz would not obtain bookings or employment for the group. Disputes would be arbitrated in accordance with the rules of the American Arbitration Association.

Within a year a dispute arose and Katz commenced proceedings with the arbitration association. The Jefferson Airplane filed a petition with the Labor Commissioner pursuant to the Artists' Managers Act (Act) (Lab. Code, §§ 1700-1700.46),[1] claiming that the Labor Commissioner had sole jurisdiction over the matter since Katz was in fact an unlicensed artists' manager within the terms of the Act. When Katz challenged the jurisdiction of the Labor Commissioner, The Jefferson Airplane filed an action against Katz in the superior court seeking a ruling that the Labor Commissioner had sole jurisdiction and an order enjoining the arbitration proceedings. The superior court ordered The Jefferson Airplane to submit to arbitration and to desist from proceeding before the Labor Commissioner.

Upon petition for certiorari, the Court of Appeal (*Buchwald* v. *Superior Court* (1967) 254 Cal.App.2d 347 [62 Cal.Rptr. 364]) annulled the superior court's orders. The Act provides that an artists' manager[2] must obtain a license[3] and must submit all artist-manager contract forms he employs to the Labor Commissioner for approval.[4] The Court of Appeal held that the Labor Commissioner had exclusive jurisdiction to determine whether he had jurisdiction over the dispute, first ascertaining whether Katz in fact had acted as an artists' manager in securing employment and bookings pursuant to contract.

The Labor Commissioner, following an evidentiary hearing, found and concluded that: (1) The members of The Jefferson Airplane were "artists";

[1] Hereafter, unless otherwise indicated, all section references are to the Labor Code.

[2] Section 1700.4 defines artists' managers as follows: "An artists' manager is hereby defined to be a person who engages in the occupation of advising, counseling, or directing artists in the development or advancement of their professional careers and who procures, offers, promises or attempts to procure employment or engagements for an artist only in connection with and as a part of the duties and obligations of such person under a contract with such artist by which such person contracts to render services of the nature above mentioned to such artists."

[3] Section 1700.5, as pertinent here, provides: "No person shall engage in or carry on the occupation of an artists' manager without first procuring a license therefor from the Labor Commissioner. . . ."

[4] Section 1700.23, as pertinent here, provides: "Every artists' manager shall submit to the Labor Commissioner a form or forms of contract to be utilized by such artists' manager in entering into written contracts with artists for the employment of the services of such artists' manager by such artists, and secure the approval of the Labor Commissioner thereof. . . ."

(2) Katz had in fact obtained employment and bookings for The Jefferson Airplane; (3) the contract provisions to the contrary were a subterfuge; (4) Katz was an unlicensed artists' manager; and (5) the Labor Commissioner had jurisdiction over the controversy. Upon the merits, the Labor Commissioner made the following award: "That the management contracts between petitioners . . . and respondent MATTHEW KATZ, are void for failure of respondent to comply with Sections 1700 to 1700.46 of the Labor Code; that the publishing contracts between petitioners and respondents . . . are void for failure of respondent to comply with Sections 1700 to 1700.46 of the Labor Code; that petitioners are not liable to respondent for any sums spent by respondent in furtherance of petitioners' musical careers; and that respondent pay to petitioners the sum of $49,004.88 heretofore received by respondent as commissions."

Katz appealed to the superior court pursuant to section 1700.44, which, provides in pertinent part: "In cases of controversy arising under this chapter the parties involved shall refer the matters in dispute to the Labor Commissioner, who shall hear and determine the same, subject to an appeal within 10 days after determination, to the superior court where the same shall be heard de novo. To stay any award for money, the party aggrieved shall execute a bond approved by the superior court in a sum not exceeding twice the amount of the judgment. . . ." The Jefferson Airplane then made a motion asking the superior court to direct the amount of bond to be filed in order to stay execution of the Labor Commissioner's $49,004.88 award, pursuant to section 1700.44.

The superior court "ORDERED that the motion be granted and that the amount of the undertaking to be executed and filed in this action under State of California Labor Code section 1700.44 be $49,500.00, said undertaking to be filed fifteen days from April 3, 1970 or the appeal to be dismissed." On motion by Katz, the superior court made an order granting him an additional 10 days from April 17, 1970, to file the undertaking "or the appeal to be dismissed." On June 15, 1970, Katz having failed to file the requisite undertaking, the superior court dismissed the appeal. This appeal from that order followed.

■ Katz contends that section 1700.44 neither conditions in any way the right to appeal to the superior court from a determination and award of the Labor Commissioner upon the filing of a bond nor authorizes the superior court to dismiss the appeal for failure to file a bond, but simply provides that the party appealing may stay execution of an award for money by executing a bond. Therefore, he contends, if the *aggrieved* party fails to execute a bond in an amount approved by the superior court, his right to appeal is in no way affected. Rather, in that event, the *prevailing*

party may, during the pendency of the appeal, enforce the award of the Labor Commissioner according to established procedures; i.e., the normal enforcement procedures are not "stayed" absent the execution of a bond by the aggrieved party.

We agree. The plain meaning of section 1700.44 is exactly as urged by Katz: the section first confers jurisdiction upon the Labor Commissioner to hear and decide matters in dispute under the Act "subject to an appeal within 10 days after determination, to the superior court where the same shall be heard de novo"; after conferring this jurisdiction to determine the dispute and the right to appeal from such determination, the section continues: "To stay any award for money, the party aggrieved shall execute a bond approved by the superior court in a sum not exceeding twice the amount of the judgment. In all other cases the bond shall be in a sum not less than one thousand dollars ($1,000) and approved by the superior court." There is no language in the section conditioning the right to appeal upon the filing of a bond. There is no language in the section conferring power to dismiss an appeal under this section for failure to execute a bond. Rather, the section confers upon the aggrieved party two separate rights: first, the right to appeal and second, the right to stay execution of an award and determination of the Labor Commissioner pending appeal by executing a bond approved by the superior court. If the aggrieved party fails to exercise this right by filing the requisite bond, then the prevailing party is free to enforce the Labor Commissioner's award; the aggrieved party's right to appeal remains unaffected.

Bonds to stay executions of money judgments have been uniformly so understood in California, as succinctly summarized in 6 Witkin, California Procedure (2d ed. 1971) page 4159: "If the undertaking proves insufficient there is no stay, and the judgment creditor can execute. [Citation.] But, though execution is not stayed, the appeal itself is unaffected, and cannot be dismissed." In *Hasendahl* v. *J. D. Halsted Lumber Co.* (1933) 131 Cal.App. 224, 225 [21 P.2d 120], the court denied a motion to dismiss an appeal from a superior court judgment for failure to file a bond staying execution of a money judgment pursuant to former section 942 (now § 917.1) of the Code of Civil Procedure saying: "The only 'right' obtained by an appellant under section 942 of the Code of Civil Procedure is to have execution stayed on a money judgment against him, and that is the only right he can lose by a failure to file a sufficient bond under section 1057 of the same code."

The Jefferson Airplane contends, however, that the superior court had inherent power and discretion to dismiss the appeal for Katz' failure to

comply with the court's order that "said undertaking to be filed ten days from April 17, 1970 or the appeal to be dismissed," citing cases for the proposition that a court has discretion to "dismiss the appeal of one who deliberately refuses compliance with a valid order of the trial court." (*Luce* v. *Clear Lake Water Co.* (1968) 266 Cal.App.2d 123, 124 [71 Cal.Rptr. 665]; *Estate of Scott* (1957) 150 Cal.App.2d 590, 594 [310 P.2d 46].) However, it is clear from the foregoing discussion that section 1700.44 only authorizes the superior court to require a bond in order to "stay an award of money" and not to require a bond as a condition to appeal. Indeed, if the statute or court were to condition the right to appeal upon the financial ability to furnish a stay bond, there might be grave constitutional problems under the equal protection clause of the Fourteenth Amendment to the United States Constitution. (See *Douglas* v. *California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814]; cf. *Boddie* v. *Connecticut* (1971) 401 U.S. 371 [28 L.Ed.2d 113, 91 S.Ct. 780].)

We hold that section 1700.44 only authorizes the superior court to require a bond in order to stay an award, that the superior court erred in requiring the bond in order to prosecute an appeal and that it abused its discretion in dismissing Katz' appeal for failure to post a bond in the amount of $49,500.

■ However, since Katz did fail to file the requisite bond, The Jefferson Airplane is free to enforce the money award of the Labor Commissioner in the sum of $49,004.88. Under *Robinson* v. *Superior Court* (1950) 35 Cal.2d 379 [218 P.2d 10], the proper procedure for enforcing such an award is to first apply to the superior court for judicial confirmation of the award "in the same manner as awards of private arbitrators under Code of Civil Procedure sections 1285-1288.8. [Fn. omitted.]" (*Buchwald* v. *Superior Court, supra,* 254 Cal.App.2d 347, 358.) "If an award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action; *and it may be enforced like any other judgment* of the court in which it is entered." (Code Civ. Proc., § 1287.4; italics added.)

Katz urges that he need not yet file a bond in order to stay enforcement of the Labor Commissioner's award because the Labor Commissioner's award has not been reduced to judgment by judicial confirmation and section 1700.44 specifies the bond shall be in a "sum not exceeding twice the amount of the judgment." While it is true that "judgment" normally means a superior court judgment, it is clear that in section 1700.44 it is used as synonymous with award.

Section 1700.44 confers a right to appeal *to* the superior court *from* the Labor Commissioner's award and provides that in order "to stay any award for money" pending appeal a bond must be posted. If, as urged by Katz, the word "judgment" in the phrase measuring the amount of the bond is literally construed to mean that no bond is required until there is a superior court judgment, a bond would never be required to stay the enforcement of a Labor Commissioner's award pending appeal since there would be no superior court judgment until after the appeal and the trial de novo. On the contrary, section 1700.44 clearly specifies the requirement of a bond "[t]o stay any award for money." The award referred to is necessarily the Labor Commissioner's award being appealed from. The duration of the stay is the period of time during which the appeal is pending and the trial de novo is being had in the superior court. It follows then that in the context of section 1700.44 where the commissioner's award is "for money" the amount of the bond must be measured by the amount of the award.

In the case at bench, since Katz has failed to file the requisite bond, The Jefferson Airplane may move in the court below to confirm the Labor Commissioner's award, and upon confirmation enforce the ensuing judgment.

The Jefferson Airplane contends that the superior court's dismissal of Katz' appeal is nevertheless proper because Katz failed to perfect his appeal in that he neglected to file in the court below either an administrative record or a pleading alleging specific grounds for review based upon a specification of error either procedural or substantive on the part of the Labor Commissioner. Recognizing that section 1700.44 specifies a de novo hearing and conceding that the Administrative Procedure Act (Gov. Code, § 11370 et seq.) does not apply to hearings by the Labor Commissioner, The Jefferson Airplane nevertheless insists that the proper method and standard of review is that of judicial review by administrative mandamus pursuant to section 1094.5 of the Code of Civil Procedure. We disagree.

In 1913, the Legislature enacted a statute to regulate private employment agencies (Stats. 1913, ch. 282, p. 515) referred to as the Private Employment Agencies Law, which included in its coverage specific regulation of theatrical employment agencies and theatrical contracts. In 1923, the Private Employment Agencies Law was amended (Stats. 1923, ch. 412, § 19, p. 936) by adding section 19 thereto which empowered the Labor Commissioner to make rules and regulations and, in language virtually identical to that found in section 1700.44, conferred jurisdiction upon the Labor Commissioner to hear and determine all controversies

arising under the law, "subject to appeal within ten days to the superior court where the same shall be heard de novo . . . ."

In *Collier & Wallis, Ltd.* v. *Astor* (1937) 9 Cal.2d 202, 205 [70 P.2d 171], construing section 19 of the predecessor statute, we held that all controversies arising under the Private Employment Agencies Law must first be submitted to the Labor Commissioner. Analyzing in detail the nature of an appeal from a determination of the Labor Commissioner, conferred by the 1923 amendment, we there said: "A hearing *de novo* literally means a new hearing, or a hearing the second time. . . . It is in no sense a review of the hearing previously held, but is a complete trial of the controversy, the same as if no previous hearing had ever been held. . . . A hearing *de novo* therefore is nothing more nor less than a trial of the controverted matter by the court in which it is held. . . . It is in this sense that the language of section 19 . . . was intended to be understood."

In 1937, when the Labor Code was enacted, the Private Employment Agencies Law was codified as chapter 1, part 6, of division 2 of that code, sections 1550-1649. (Stats. 1937, ch. 90, § 1, pp. 230-240.) The previous section 19 added in 1923 was divided into two sections: section 1646 which conferred power upon the Labor Commissioner to make rules and regulations and section 1647 which contained the identical conferral of jurisdiction to hear and determine all controversies, subject to appeal to be heard de novo. This court in *Robinson* v. *Superior Court, supra,* 35 Cal.2d 379 cited *Collier & Wallis* with approval and reiterated its interpretation of the nature of an appeal from former section 19, then recently codified as section 1647 ". . . that the Labor Code provides that a party aggrieved by the commissioner's decision may obtain a complete new hearing in the superior court (Lab. Code, § 1647) . . . ." (*Id.* at p. 388.)

In 1959, those portions of the regulation of private employment agencies which related to theatrical or motion picture engagements were codified as a separate chapter of division 2, part 6 of the Labor Code (Stats. 1959, ch. 888, p. 2920, § 1), namely chapter 4, sections 1700-1700.46, known as the Artists' Managers Act.[5] Section 1700.44[6] is identical with the previous section 1647.

---

[5] Artists' managers first received recognition as a separate category for regulation within the Labor Code regulation of private employment agencies in 1943. (Stats. 1943, ch. 329, p. 1326.)

[6] Section 1700.44 was amended in nonpertinent part in 1967 (Stats. 1967, ch. 1567, p. 3762, § 2).

It is clear that "de novo" in section 1700.44 means what it meant in section 1647 and in section 19 of the Private Employment Agencies law as judicially construed in *Collier & Wallis* and *Robinson*. ■ " ' "It is a cardinal principle of statutory construction that where legislation is framed in the language of an earlier enactment on the same or an analogous subject which has been judicially construed, there is a very strong presumption of intent to adopt the construction as well as the language of the prior enactment. . . ." ' " (*Greve* v. *Leger, Ltd.* (1966) 64 Cal.2d 853, 865 [52 Cal.Rptr. 9, 415 P.2d 824]; *Union Oil Associates* v. *Johnson* (1935) 2 Cal.2d 727, 734-735 [43 P.2d 291, 98 A.L.R. 1499].) ■ We, therefore, hold that section 1700.44 when it provides for an "appeal . . . to the superior court where the same [matters in dispute] shall be heard de novo" means that the appealing party is entitled to a complete new hearing—a complete new trial—in the superior court that is in no way a review of the prior proceeding.

The Jefferson Airplane's contention that the determination of the Labor Commissioner is not subject to a new trial but subject to judicial review only by writ of mandate pursuant to section 1094.5 of the Code of Civil Procedure finds no support in the language of section 1700.44, or in its judicial construction. We also reject as meritless The Jefferson Airplane's concomitant contention that Katz' notice of appeal[7] was inadequate to perfect the appeal because it failed to allege grounds for review of the Labor Commissioner's award and determination. Section 1700.44 confers upon the aggrieved party the right to a trial de novo in the superior court provided he notices his appeal within 10 days. Upon noticing his appeal, Katz invoked the jurisdiction of the superior court, and asserted his right to a complete new trial, a right in no way conditioned upon the assertion or specification in that notice, of error by the Labor Commissioner.[8] Once having invoked the jurisdiction of the superior court by filing a timely notice of appeal the aggrieved party is entitled to a full new trial in the superior court according to the rules and procedures applicable. ■ Absent an applicable rule of court covering such proceedings, the superior court, in exercise of its inherent power to adopt any suitable method of practice (*Citizens Utilities Co.* v. *Superior Court* (1963) 59

---

[7]"Take notice that Respondent hereby appeals from that certain 'Determination and Award' entered on February 17, 1970 by the Labor Commissioner. This appeal is pursuant to § 1700.44 of the Labor Code."

[8]See the analogous provisions for de novo appeal from small claims court. Section 117j of the Code of Civil Procedure: ". . . If the defendant is dissatisfied, he may appeal to the superior court of the county in which said court is held. . . . [¶] On appeal the action shall be tried anew." Rule 152 of the California Rules of Court: "An appeal from a judgment of a municipal or justice court in a small claims case is taken by filing with the clerk of the trial court a notice of appeal . . . ."

Cal.2d 805, 812-813 [31 Cal.Rptr. 316, 382 P.2d 356]), may call up the pleadings or other papers or documents by which the parties presented their respective claims and defenses before the Labor Commissioner or may require the parties to present such claims and defenses in more formal pleadings.

The superior court should proceed to conduct a full new trial in the matter. Notwithstanding the pendency of said proceedings in the superior court, The Jefferson Airplane is entitled to enforce the award and determination of the Labor Commissioner since Katz failed to file the requisite stay bond.

The order appealed from is reversed and the cause remanded to the trial court to proceed in accordance with the views herein expressed.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.