[Civ. No. 45517. First Dist., Div. Four. Mar. 21, 1979.]

SALES DIMENSIONS, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
ANDREW J. WHELAN III, Real Party in Interest;
JAMES L. QUILLIN, as Labor Commissioner, etc., Intervener.

758

## Counsel

James J. Dowgialo for Petitioner.

No appearance for Respondent.

Farella, Braun & Martel and Roger B. Pool for Real Party in Interest.

Giannini, Gurney, Danforth, Dinallo, Herbert & Miley and John C. Herbert for Intervener.

## Opinion

**CHRISTIAN, J.**—Access Personnel, Inc., seeks a writ directing respondent superior court to vacate its orders denying discovery sought by petitioner in an underlying action and denying petitioner's motion for consolidation of the same action with another pending in the same court.

Access Personnel, Inc., operates several employment agencies in San Francisco; one office, known as Sales Dimensions, specializes in placing individuals in sales related positions. For several years until he quit on May 10, 1977, real party in interest Andrew J. Whelan was employed by Access Personnel as the manager of the Sales Dimensions office.

After Whelan quit, Access sued him and other persons, alleging that defendants had wrongfully appropriated petitioner's files, while they were employed by petitioner, for the purpose of competing with petitioner through Personnel Resource Corporation, a new employment agency which was established after Whelan left petitioner's service. An amended complaint was filed, and defendants answered.

Whelan then filed a complaint with the Labor Commissioner against Access Personnel, claiming $4,500 in unpaid commissions allegedly accrued during the period of Whelan's employment.

The Labor Commissioner rendered a decision awarding Whelan $423; Access Personnel appealed to the superior court. Petitioner sought discovery of Whelan by means of a deposition and a request for production of documents. Represented by the Labor Commissioner, Whelan obtained from the court an order denying discovery, on the ground that "The Court does not believe it is appropriate to allow discovery in an appeal from a Labor Commissioner's Wage Claim. The Court believes discovery would defeat the whole purpose of the Labor Code Statute."

Petitioner also moved for an order consolidating its appeal on Whelan's claim for unpaid commissions with its civil action against Whelan, on the ground that the two actions involved the same issues. The court denied the motion to consolidate, stating that it is not "appropriate to consolidate an appeal from the Labor Commissioner's wage claim with a regular civil action in a civil court. The Court believes consolidation would defeat the whole purpose of the Labor Code Statute."

Whelan appears in this court with private counsel; we have permitted the Labor Commissioner to intervene, because his future activities will necessarily be affected by the decision in this proceeding.

I

Petitioner contends that it was an abuse of discretion to deny discovery. Labor Code section 98.2, which governs appeals from decisions by the Labor Commissioner on wage claims, provides in part as follows: "(a) Within 10 days after service of notice of an order, decision or award the parties may seek review by filing an appeal to the superior court where the same shall be heard *de novo*." (Italics added.) Petitioner contends that although a proceeding for wage claims before the Labor Commissioner is informal, a hearing de novo in superior court after a decision of the Labor Commissioner is no different from any other civil action in superior court, and that the parties are entitled to all of the normal "procedural safeguards," including discovery. No published decision has dealt with this question.

An analogous problem was considered in *Redlands etc. Sch. Dist.* v. *Superior Court* (1942) 20 Cal.2d 348 [125 P.2d 490], where the Supreme Court affirmed a judgment of the superior court on appeal from a judgment of the justice court. In discussing the procedure on such an appeal, the court stated that in the trial de novo which follows an appeal from a civil judgment of a justice court, "the proceeding is conducted in all respects as any other trial in the superior court would be conducted and the same statutory provisions are applicable, except for the requirement of written findings and conclusions of law." (20 Cal.2d at pp. 351-352.)

Congruently, in *Hennessy* v. *Gleason* (1947) 81 Cal.App.2d 616 [184 P.2d 913], an issue was presented as to whether after trial de novo in a justice court appeal the superior court could award costs. The Court of Appeal held: "There is no express rule upon the subject, and in the absence of such, costs must necessarily be awarded . . . as in other cases tried in the superior court." (81 Cal.App.2d at p. 623.) While the statutes and rules governing appeals from justice courts have been modified to equalize the jurisdiction of municipal and justice courts and to provide for appeal to the appellate department of the superior court, the cases interpreting the former provisions are nevertheless authoritative on the procedures applicable to an appeal which constitutes a trial de novo in the superior court. It therefore appears that where a trial de novo is authorized in the superior court, proceedings are subject to the rules usually applicable to superior court actions. Code of Civil Procedure section 34 supports this conclusion: "The provisions of this code relating to the commencement and prosecution of, and the practice, procedure, and enforcement of judgments and decrees in, actions and proceedings in trial courts, shall apply to all such courts, except where special provision is made for particular courts, or where a general provision is not applicable by reason of jurisdictional limitations." (See *Buchwald* v. *Katz* (1972) 8 Cal.3d 493 [105 Cal.Rptr. 368, 503 P.2d 1376]; *Eloby* v. *Superior Court* (1978) 78 Cal.App.3d 972, 974-975 [144 Cal.Rptr. 597].)

The Labor Commissioner argues against the availability of discovery when a labor claim is to be heard de novo on appeal to the superior court. He points out that the Legislature intended, by enacting Labor Code sections 98-98.8, to establish a special remedy which "recognized the public policy in favor of full and prompt payment of wages. . . . The Legislature intended to shift the hearing and adjudicatory process from the courts to an administrative body which has developed special expertise in the area of wages." The commissioner suggests that should

discovery and other procedures normally associated with superior court trials be allowed in wage claim appeals, the prompt determination of wage disputes will be hindered.

This concern for carrying out the policy behind the statute is appropriate. But the Legislature has unambiguously provided for de novo review in the superior court of the Labor Commissioner's decisions. That provision is not susceptible to interpretation as creating some sort of special summary proceeding in the superior court. It appears that the legislative purpose in using the language, "an appeal to the superior court . . . de novo," (§ 98.2) was to provide for, as the *Buchwald* court stated, "a full new trial in the superior court according to the rules and procedures applicable." (8 Cal.3d at p. 502.)

The commissioner contends that "the superior court has limited jurisdiction only," i.e., jurisdiction appellate in nature, only for the purpose of "review." He attempts to distinguish *Buchwald,* pointing out that there the court was concerned with Labor Code section 1700.44, which provides, in cases involving artists' managers, for " '. . . an appeal . . . to the superior court where the same shall be heard de novo. . . .' " This language differs from that of section 98.2, which provides that "the parties may seek *review* by filing an appeal to the superior court where the same shall be heard de novo." (Italics added.) The commissioner contends that the reference to "review" excludes the idea that a new trial was intended to ensue from a wage claim appeal.

The commissioner's interpretation finds some support in the Legislative Counsel's digest of the 1975 bill which became Labor Code section 98.2:* "This bill would also . . . specify that orders, decisions and awards of the Labor Commissioner *are final but subject to court review.*" (Italics added.) But there is no provision for preparing an administrative record for submission to the superior court. The commissioner recognizes that the hearing "is a new trial in that both parties are required to present their evidence directly to the court, which sees the witness, hears their testimony and accepts any documentary or physical evidence. Neither party is limited to the evidence presented at the administrative hearing and may introduce any relevant evidence." Thus, an interpretation of the statute must be arrived at which, if possible, gives effect to both the term "review" and the term "de novo." (*Ingram* v. *Justice Court* (1968) 69 Cal.2d 832, 839 [73 Cal.Rptr. 410, 447 P.2d 650, 36 A.L.R.3d 1391].)

*Statutes 1976, chapter 1190, section 6.

Since the superior court may hear testimony, including any new evidence, the findings of the Labor Commissioner are entitled to no weight whatsoever, and the proceedings are truly "a trial anew in the fullest sense." Review is accorded not to the decision of the commissioner, but to the underlying facts on which depend the merits of the dispute.

To allow discovery routinely as an incident of this full new trial would not always meet the purpose of the discovery statutes. "The fundamental purpose of those enactments was to expedite the trial of civil matters by allowing litigants an adequate means of discovery during the period of preparation for trial." (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 371 [15 Cal.Rptr. 90, 364 P.2d 266].) If discovery is not effectively controlled in appeals from decisions of the Labor Commissioner, trials will be prolonged rather than expedited. In cases where only small amounts are at issue, a well supported party (either employer or employee) could virtually exclude his adversary from exercising the right of appeal by carrying on lengthy and costly discovery. ■ Thus, in proceedings on appeal from a decision of the Labor Commissioner, where the matter is analogous to a small claims case, i.e., the amount in controversy is not great and the issues involved are not complex, the court should give effect to the policy of the discovery statutes and of the Labor Code by limiting or precluding discovery. (Cf. *Burley* v. *Stein* (1974) 40 Cal.App.3d 752 [115 Cal.Rptr. 279].) But where the amount in dispute is large or the issues complex, discovery may be appropriate. The rules governing small claims appeals cannot be automatically applied; small claims jurisdiction is limited to amounts in controversy not exceeding $750. (Code Civ. Proc., § 116.2.) There is no limit on the amount of a claim for wages which may be brought under the provisions of the Labor Code. ■ Therefore, the question whether discovery should be allowed in a proceeding under Labor Code section 98.2 is·best left to the discretion of the superior court hearing the appeal.

The approach which we have outlined is consistent with the power of the courts "to adopt any suitable method of practice, both in ordinary actions and special proceedings, if the procedure is not specified by statute or by rules adopted by the Judicial Council." (*Tide Water Assoc. Oil Co.* v. *Superior Court* (1955) 43 Cal.2d 815, 825 [279 P.2d 35]; also see *Citizens Utilities Co.* v. *Superior Court* (1963) 59 Cal.2d 805, 812-813 [31 Cal.Rptr. 316, 382 P.2d 356].) The superior court is vested with

jurisdiction to hear the appeal de novo. Yet, no procedures for exercising that jurisdiction are specified. Therefore, the superior court, in the exercise of its discretion, may establish an appropriate procedure on discovery in each case.

In the present case the superior court did not exercise discretion when it determined that discovery was inappropriate. Rather, it concluded that discovery was necessarily inappropriate in a proceeding under Labor Code section 98.2. The question should be resolved in an exercise of discretion.

II

■ Petitioner contends that it was an abuse of discretion to deny its motion to consolidate the appeal from the Labor Commissioner's decision with the civil action for misappropriation of business records and unfair competition. Some showing was made that both cases related to the same employment relationship and involved the same time period. The court denied the motion on the basis that consolidation of the two different types of proceedings was necessarily inappropriate.

Code of Civil Procedure section 1048, subdivision (a), provides that "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." There is no statutory prohibition preventing consolidation; the question of consolidation should be submitted to the court's discretion. (*Fellner* v. *Steinbaum* (1955) 132 Cal.App.2d 509, 511 [282 P.2d 584]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 259.) The court apparently denied the motion to consolidate because it determined that consolidation was necessarily inappropriate where one of the actions was a trial de novo under Labor Code section 98.2.

Some of the same considerations affecting the appropriateness of discovery in appeals under section 98.2 should be considered when determining whether such an appeal should be consolidated with a pending related action. The court should exercise discretion in ruling on the motion to consolidate.

A writ will issue commanding respondent court to vacate the challenged rulings and redetermine petitioner's motions in the exercise of discretion.

Caldecott, P. J., and Delucchi, J.,* concurred.

A petition for a rehearing was denied March 28, 1979, and petitioner's application for a hearing by the Supreme Court was denied May 17, 1979. Bird, C. J., did not participate therein.

---

*Assigned by the Chairperson of the Judicial Council.