Filed 1/21/25

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MARK VILLALVA,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>BOMBARDIER MASS TRANSIT CORPORATION,<br><br>     Defendant and Appellant. | D082372<br><br><br><br>(Super. Ct. No. 37-2018-00053809-CU-JR-CTL) |
| BOBBY JASON YELVERTON,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>BOMBARDIER MASS TRANSIT CORPORATION,<br><br>     Defendant and Appellant. | (Super. Ct. No. 37-2018-00053827-CU-JR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Robert C. Longstreth, Judge.  Affirmed.

Wilson Elser Moskowitz Edelman & Dicker, Bruno W. Katz, and John Guarino for Defendant and Appellant.

Letizia Law Firm and Clarice J. Letizia for Plaintiffs and Respondents.

Plaintiffs Mark Villalva and Bobby Jason Yelverton are train dispatchers who brought claims for unpaid wages against their employer Bombardier Mass Transit Corporation ("Bombardier"). Rather than going directly to court as they could have, they first decided to seek relief from the labor commissioner using the so-called "Berman" hearing process set forth in Labor Code section 98, et seq.[1] This is an optional streamlined procedure designed to "benefit employees with wage claims against their employers." (*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1127 (*Sonic II*).) After the labor commissioner denied their claims, plaintiffs filed a request for de novo hearing in the superior court, as permitted by statute, and the matter then proceeded as a standard civil action. (§ 98.2, subd. (a).) Plaintiffs prevailed in a bench trial and the superior court awarded them an aggregate amount of more than $140,000 in back wages and penalties against Bombardier. They then filed a motion for attorney fees and costs incurred in the superior court proceedings under sections 1194 and 226. The trial court granted the motion and awarded attorney fees and costs in the amount of $200,000.

On appeal, Bombardier does not contest its liability for the more than $140,000 in back wages and penalties. Bombardier's sole argument is that section 98.2, subdivision (c) is the exclusive statute authorizing an award of attorney fees and costs in a superior court appeal from the labor commissioner's Berman order. From this premise, Bombardier concludes that plaintiffs were not entitled to recover attorney fees and costs because section 98.2, subdivision (c) only authorizes an award against unsuccessful

---

[1] Further undesignated statutory references are to the Labor Code.

appellants in a de novo trial in superior court, not in favor of successful appellants.

We disagree with Bombardier's premise. The Berman procedure does penalize a party—employer or employee—who files an *unsuccessful* de novo superior court action by awarding attorney fees and costs *against* that party. (§ 98.2, subd. (c).) But the statute says nothing about a party who brings a *successful* de novo claim. Prevailing plaintiffs in superior court actions for unpaid wages are generally entitled to an award of reasonable fees and costs (see, e.g., §§ 218.5, 226 and 1194), and nothing in section 98.2 suggests that the Legislature intended to make this remedy unavailable to employees who first attempt to obtain relief from the labor commissioner through the expedited Berman hearing process. Because Bombardier's argument contradicts the only published authority on point (*Eicher v. Advanced Business Integrators, Inc.* (2007) 151 Cal.App.4th 1363 (*Eicher*)) and shows insufficient regard for the Legislature's unwavering encouragement of employee unpaid wage claims, we affirm the trial court's order awarding $200,000 in attorney fees and costs to plaintiffs.

FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiffs worked as train dispatchers for Bombardier. One weekend a month, plaintiffs were "on-call" and had to be available to respond to emergency calls. Plaintiffs each filed complaints with the labor commissioner using the administrative process provided by the Berman statutes, alleging they were entitled to overtime wages under section 1194 and wage statement penalties under section 226 for their unpaid on-call time. The commissioner denied both plaintiffs' claims in their entirety.

Plaintiffs, represented by the same counsel, sought a de novo trial on their claims in the San Diego Superior Court pursuant to Labor Code section 98.2, which allows a party to seek review of the commissioner's order "by filing an appeal to the superior court, where the appeal shall be heard de novo." (§ 98.2, subd. (a).) After conducting a four-day bench trial, the trial court ruled that plaintiffs were each entitled to between $70,000 and $78,000 in unpaid wages and wage statement penalties, a total of about $25,000 in costs under Code of Civil Procedure section 1032, and reasonable attorney

---

[2] Plaintiffs filed a motion to strike the factual statement of Bombardier's opening brief and a motion to dismiss the appeal. We grant the motion to strike because as plaintiffs point out, the statement of facts in Bombardier's opening brief contains no citation to the record in violation of California Rule of Court 8.204(a)(1)(C). As for plaintiffs' motion to dismiss, contrary to what plaintiffs contend, neither the bond requirement in Labor Code section 98.2 nor the undertaking requirement in Code of Civil Procedure section 917.1 is applicable to this appeal. (See Lab. Code, § 98.2, subd. (a) [section applies to appeals "to the superior court"]; *Quiles v. Parent* (2017) 10 Cal.App.5th 130, 148 [award of attorney fees and costs is a cost-only exception to bond requirement under Code Civ. Proc., § 917.1, subd. (d)].) And even if the undertaking requirement of Code of Civil Procedure section 917.1 applied, the failure to procure a bond would not be a basis for dismissal of the appeal; it would just mean that the appealed order was not stayed pending appeal. We also disagree with plaintiffs' argument that Bombardier's appeal is frivolous. Accordingly, we deny plaintiffs' motion to dismiss.

fees in an amount to be determined pursuant to a properly made motion. Plaintiffs filed a post-judgment motion for attorney fees and costs under Labor Code section 1194, subdivision (a) and Labor Code section 226, subdivision (e)(1).  Rejecting Bombardier's argument that Labor Code section 98.2 is the exclusive mechanism for obtaining attorney fees in Berman appeals, the court awarded plaintiffs $200,000, which included attorney fees incurred in the de novo trial and the costs associated with bringing their motion.

DISCUSSION

Bombardier contends that section 98.2, subdivision (c) is the exclusive statute for recovery of attorney fees incurred in a de novo superior court proceeding under section 98 et seq. This is a pure question of law subject to de novo review. (*Kaura v. Stabilis Fund II, LLC* (2018) 24 Cal.App.5th 420, 428.)

A

We begin by summarizing the governing law. When an employer fails to pay wages owed to an employee, the employee may either: (1) file an original civil action directly in court, or (2) seek administrative relief with the labor commissioner under the Berman statutes. (*OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 121 (*OTO*); see also *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 186.) If the employee elects the latter, the labor commissioner may accept the matter and conduct a Berman hearing, prosecute a civil action for collection of wages, or take no further action on the complaint. (§ 98, subd. (a); *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1115 (*Murphy*).) Before conducting the hearing or pursuing a civil action, the commissioner's staff may attempt to settle the claims informally or through a conference between the parties. (*Sonic II, supra*, 57 Cal.4th at p. 1128.)

If the labor commissioner decides to accept the matter and conduct a hearing, the hearing must be conducted within 90 days and a decision rendered within 15 days thereafter. (*Sonic II, supra*, 57 Cal.4th at p. 1128.) The Berman hearing procedure is designed to provide a speedy, informal, and affordable method of resolving wage claims. (*Ibid*.) The hearing officer is authorized to assist the parties in cross-examining witnesses and to explain issues and terms not understood by the parties. (*Ibid*.) The hearings are not governed by the technical rules of evidence, and any relevant evidence is

6

admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs. (*Ibid.*) After a judgment is entered, the labor commissioner is charged with the responsibility of enforcing the judgment and making reasonable efforts to have it satisfied. (*Id.* at pp. 1128–1129.)

Once the labor commissioner has issued a decision after a Berman hearing, either party may "appeal" the decision to the superior court, which reviews the claim de novo. (§ 98.2, subd. (a).) Although denoted as an "appeal," the trial de novo "is neither a conventional appeal nor review of the Labor Commissioner's decision, but is rather a de novo trial of the wage dispute." (*Murphy, supra*, 40 Cal.4th at p. 1116.) The superior court has discretion to permit the employee to assert additional related wage claims beyond those asserted before the labor commissioner. (*Id.* at pp. 1116–1120.) "The decision of the commissioner 'is entitled to no weight whatsoever, and the proceedings are truly "a trial anew in the fullest sense." ' " (*Post v. Palo/Haklar & Associates* (2000) 23 Cal.4th 942, 948.)[3]

The Berman statutory scheme includes a provision authorizing the award of fees against an unsuccessful appellant after a de novo trial. Section 98.2, subdivision (c) provides: "If the party seeking review by filing an appeal to the superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal. An employee is successful if the court awards an amount greater than zero."

---

[3] "The decision of the trial court, after de novo hearing, is subject to a conventional appeal to an appropriate appellate court. [Citation.] Review is of the facts presented to the trial court, which may include entirely new evidence." (*Sampson v. Parking Service 2000 Com, Inc.* (2004) 117 Cal.App.4th 212, 219–220 (*Sampson*).

7

By its terms, section 98.2, subdivision (c) only authorizes an award of fees *against* an *unsuccessful* appellant; it does not authorize an award of fees *to* a *successful* appellant. The statute treats employees as unsuccessful only if the court ultimately awards them nothing. As a result, the statute protects employees from being "saddled with the employer's attorney fees and costs unless the employee appeals from a Berman hearing award and receives a judgment of zero on appeal." (*Sonic II, supra*, 57 Cal.4th at p. 1130.)

Other provisions of the Labor Code more generally authorize prevailing plaintiffs to recover an award of reasonable fees and costs in civil actions involving wages. (See, e.g., §§ 218.5, 226, 1194.) The question before us is whether employees who would have been entitled to recover prevailing party fees and costs under these statutes if they had filed a civil action directly in superior court may do so if they elected to pursue the Berman administrative process before ultimately prevailing in a de novo trial in superior court under section 98.2.

B

We typically look first to the language of the statute when we try to decide what the Legislature intended, but the literal words of section 98.2 provide little guidance in resolving the question before us. They address the question whether fees and costs can be awarded as a penalty *against* an *unsuccessful* party who challenges the adverse result of a Berman hearing in a de novo superior court proceeding. But they say nothing about whether prevailing party fees and costs are available to a *successful* employee in a de novo superior court action based on different statutory authority. Nothing in the language of section 98.2 states that once a Berman administrative hearing has been concluded and one party initiates a de novo action in the

8

superior court, subdivision (c) of the statute provides the *exclusive* basis for the award of attorney fees and costs.

Bombardier emphasizes there is nothing in section 98.2 that authorizes the award of attorney fees to a plaintiff who succeeds in a de novo superior court proceeding. While true, the argument misses the point. The question is whether anything in section 98.2 *precludes* a plaintiff from relying on any otherwise-applicable statute that provides for an award of attorney fees and costs to the prevailing plaintiff in an unpaid wages case. Plaintiffs claim that sections 218.5, 226, and 1194 are statutes that provide such authority and the trial court agreed, following the only published authority on the issue.[4] (*Eicher, supra*, 151 Cal.App.4th at pp. 1378–1384.)

Bombardier contends that because plaintiffs initially filed their claims with the labor commissioner and requested a Berman hearing, the de novo proceeding in the superior court was not an "action" or a "civil action" within

_____

[4]     Section 1194, subdivision (a) broadly provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

Section 218.5 authorizes the award of attorney's fees and costs to a prevailing plaintiff "[i]n any action brought for the nonpayment of wages," although it does not apply to any claim "for which attorney's fees are recoverable under section 1194."

Section 226 allows for the award of costs and reasonable attorney's fees where the employer fails to provide an accurate itemized statement indicating how the employee's wages were calculated. (§ 226, subds. (a), (e)(1) and (h).)

Apart from the fact that they initially requested a Berman hearing pursuant to section 98.2, Bombardier does not argue that attorney fees and costs were unavailable to plaintiffs under some combination of these three statutes.

the meaning of these other statutes. Indeed, it goes so far as to suggest that the de novo superior court proceedings are merely "a continuation of, the administrative remedy." But that conclusion hardly follows from the premise. There are two distinct proceedings, one administrative (the Berman hearing) and one judicial (the trial de novo). After a Berman hearing, either party can initiate a de novo proceeding in the superior court by filing an "appeal" and paying a first paper filing fee. (Lab. Code, § 98.2, subd. (a); see Gov. Code, § 70611.) Thus begins a civil "action" that culminates in " 'a full new trial in the superior court according to the rules and procedures applicable.' " (*Sales Dimensions v. Superior Court* (1979) 90 Cal.App.3d 757, 762, quoting *Buchwald v. Katz* (1972) 8 Cal.3d 493, 502.) The superior court " 'hears the matter, not as an appellate court, but as a court of original jurisdiction, with full power to hear and determine it *as if it had never been before the labor commissioner.*' " (*Murphy, supra*, 40 Cal.4th at pp. 1116– 1117, italics added.) In fact, "the appeal of the commissioner's decision to the superior court . . . nullifies the decision, and the superior court conducts a new trial of the wage dispute." (*Arias v. Kardoulias* (2012) 207 Cal.App.4th 1429, 1435.)

Such a de novo proceeding in superior court falls within the definition of an "action" or "civil action." (See Code Civ. Proc., § 22 [defining "action" as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense"]; *id.*, § 30 [defining "civil action" as one "prosecuted by one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong"].) We therefore conclude that a Labor Code section 98.2 proceeding in superior court is an "action" or "civil action" within the

10

meaning of generally applicable fees statutes, such as Labor Code sections 218.5, 226, and 1194.

Allowing prevailing plaintiffs to recover fees and costs under these statutes also promotes the Legislature's clear priorities in creating procedures to assure that California employees are properly compensated. "[T]he prompt payment of wages due an employee is a fundamental public policy of this state." (*Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137, 1147.) To implement this policy, the Labor Code creates a comprehensive remedial scheme designed to protect and favor employees attempting to collect compensation that is due them. (See, e.g., *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 262.) Remedial provisions, in particular, are to be liberally construed with an eye to benefitting employees and promoting their protection. (*Industrial Welfare Com. v. Superior Court of Kern County* (1980) 27 Cal.3d 690, 702.) To interpret section 98.2, subdivision (c), as impliedly displacing other statutory provisions allowing prevailing employees to recover their costs and fees in unpaid wage actions would frustrate this fundamental legislative policy.

This was the conclusion reached by the court 17 years ago in *Eicher, supra*, 151 Cal.App.4th 1363. In *Eicher*, as in this case, an employee filed a request for a trial de novo in the superior court after an unsuccessful wage claim to the Labor Commissioner. (*Id.* at p. 1368.) After the employee prevailed, the superior court awarded $40,000 in attorney fees pursuant to section 1194. (*Eicher*, at p. 1378.) On appeal from the judgment, the employer argued among other things that "the trial court was without authority to award attorney fees, because section 1194 does not apply to section 98.2 'appeals' from administrative decisions, and section 98.2 does not authorize fees in this case." (*Eicher*, at p. 1378, fn. omitted.)

11

Rejecting this argument, the *Eicher* court explained that the purpose of section 98.2, subdivision (c) is " ' "to discourage meritless and unwarranted appeals by assessing costs and attorneys' fees against unsuccessful appellants." ' " (*Eicher, supra*, 151 Cal.App.4th at p. 1380, quoting *Lolley v. Campbell* (2002) 28 Cal.4th 367, 376.)  It thus penalizes a party who unsuccessfully pursues a de novo hearing after an adverse decision by the Labor Commissioner.  But the statute says nothing about a party who is *successful* in a de novo hearing.  As to that question, "[s]ection 1194 is a specific statute that allows successful employees (but not successful employers) to recover attorney' fees." (*Eicher*, at p. 1379.)  The *Eicher* court concluded, "To allow the successful employee in this case to recover fees under section 1194 would not conflict with or render superfluous section 98.2. Not to allow the employee to recover under section 1194 would undermine the purpose of section 1194." (*Eicher*, at p. 1379.)  The court also ruled that "for purposes of section 1194, the section 98.2 trial de novo falls within the broad definition of an 'action' " set forth in the Code of Civil Procedure.[5] (*Eicher*, at p. 1381.)

---

[5]    An earlier Court of Appeal decision employed similar reasoning to reach a consistent conclusion with respect to the award of prejudgment interest to an employee who lost at the Berman hearing but prevailed in the de novo proceeding in the superior court. (*Nordquist v. McGraw-Hill Broadcasting Co.* (1995) 32 Cal.App.4th 555, 560 (*Nordquist*).)  Labor Code section 98.1 provides for interest on an award made by the Labor Commissioner at a Berman hearing.  Because the employee lost at the Berman hearing but won in the superior court, it was conceded that section 98.1 had no application.  Instead, the employee sought prejudgment interest on the superior court judgment pursuant to a different statute—Civil Code section 3287.  The employer opposed the request, arguing that Labor Code section 98.1 reflected the Legislature's intent to make that statute the exclusive basis for the award of prejudgment interest for wage claims initiated with a request for a Berman hearing.  (*Nordquist*, at pp. 574–575.)

12

C

*Eicher* is the only published decision to address the question presented by this case. Although section 98.2 has been amended several times since *Eicher* was decided, the Legislature has never expressed any disagreement with the *Eicher* rule. (See Stats. 2013, ch. 750, § 1; Stats. 2010, ch. 102, § 1; Stats. 2007, ch. 738, § 40.) Bombardier nonetheless urges us to depart from established law. We decline the invitation.

Bombardier relies heavily on *Sampson, supra*, 117 Cal.App.4th 212, a case decided three years before *Eicher*. In *Sampson*, the employee *prevailed* in a Berman hearing and the *employer* sought a trial de novo in the superior court. (*Id.* at p. 216.) After the employee again prevailed in the superior court, he sought an award of attorney fees and costs incurred in both the Berman administrative proceedings and during the trial de novo in the superior court. (*Ibid.*) The trial court awarded the employee costs and fees limited to what was incurred in the superior court and, when the employee appealed, the Court of Appeal affirmed. (*Id.* at pp. 216–217.)

Bombardier maintains that *Sampson* can only be distinguished from *Eicher* and this case based on a "hyper-technical differentiation of facts." In truth, the facts are entirely different, and that difference makes all the difference. Unlike this case and *Eicher*, the employer in *Sampson* lost at the Berman hearing and sought a trial de novo. The employee then sought to

Rejecting this argument, the *Nordquist* court held that although both statutes addressed prejudgment interest, there was no conflict between the two and only the Civil Code provision applied to an employee who was successful in a de novo superior court proceeding. (*Id.* at p. 576.) Similarly here with respect to attorney fees and costs, the mere fact that Labor Code section 98.2 provides no basis for recovery says nothing about whether some other statute (e.g., Lab. Code, § 1194) might apply.

recover attorney fees and costs consisting of two components: (1) fees and costs incurred during the Berman administrative proceedings, and (2) fees and costs incurred during the trial de novo in superior court. (*Sampson, supra*, 117 Cal.App.4th at p. 216.) Section 98.2, subdivision (c) plainly provided for the assessment of attorney fees and costs as a penalty against the employer who unsuccessfully pursued a trial de novo. Thus, it was never disputed that the employee in *Sampson* was entitled to recover the second component of his fee request. The only question on appeal was whether the employee could separately invoke section 1194 to recover the first component—the costs and fees *incurred during the Berman administrative proceeding*. The trial court said no, reasoning that they were not incurred in a "civil action." Unsurprisingly, the Court of Appeal agreed. (*Sampson*, at p. 223.)

Section 98.2 required that the employee in *Sampson* be awarded fees and costs incurred in the superior court proceedings because the employer who lost at the Berman hearing unsuccessfully pursued a trial de novo.[6] Bombardier attempts to read language in the *Sampson* opinion to decide an entirely different issue—whether an *employee* who loses at the Berman hearing and *successfully* pursues a trial de novo can recover fees and costs under section 1194. That issue—the issue in this case and in *Eicher*—was never presented in *Sampson*, and the court there never had any reason or basis to reach it. (*Eicher, supra*, 151 Cal.App.4th at p. 1381.)

---

[6]    Although the employer in *Sampson* succeeded in having the labor commissioner's award reduced in the de novo trial (*Sampson, supra*, 117 Cal.App.4th at p. 216), the employer was still considered an unsuccessful appellant under section 98.2, subdivision (c) because the employee wound up with a positive recovery.

14

As if this crucial factual distinction were not enough, the *Sampson*
court repeatedly emphasized that the issue before it and the scope of its
holding and rationale were limited to the recovery of fees and costs *incurred*
*during administrative proceedings*. At the conclusion of the first paragraph
of the opinion, the court explained it was "affirm[ing] the trial court's order
limiting Sampson's attorney fees *to those incurred in the trial de novo*
following his employer's appeal of the commissioner's decision." (*Sampson,*
*supra*, 117 Cal.App.4th at p. 215.) In a consistent fashion, the statement of
facts characterized the trial court as concluding "that the administrative
proceeding before the commissioner was not a 'civil action' within the
meaning of section 1194. Therefore, it limited Sampson's fees to those
incurred during the trial de novo" (*Sampson*, at p. 216), having no occasion
to comment on the entirely separate question whether a trial de novo in
superior court was a "civil action." Equally important, perhaps, on multiple
occasions in the body of the opinion the *Sampson* court was careful to frame
its conclusions by reference to costs and fees incurred in the "administrative
proceedings" or in the "administrative forum."[7] (See, e.g., *id.* at p. 222 ["our
task here is to construe section 1194 to determine whether it also applies to

---

[7] Thus, when the *Sampson* court stated that it read section 98.2,
subdivision (c) "and not section 1194, to be the sole basis for recovery of
attorney fees in wage disputes brought under the Berman hearing procedure"
(*Sampson, supra*, 117 Cal.App.4th at p. 226)—language that Bombardier
seizes upon—its comment cannot be separated from the context of the issue
before the court. That issue was whether the employee could recover
attorney fees incurred *in the administrative proceedings*, as is made clear at
three different points in the same paragraph. (*Ibid.* ["Applying section 1194
*to administrative proceedings* does not serve [the statute's] purpose" (italics
added); "To read section 1194 as applicable *to administrative proceedings*"
(italics added); "We would violate this rule if we were to construe section 1194
as the controlling attorney fees provision *in administrative proceedings*"
(italics added)].)

administrative proceedings before the commissioner"]; *Sampson*, at p. 225
["[i]t would be illogical and absurd to construe 'civil action' to refer
to administrative proceedings *before the commissioner*"]; *id.* at pp. 226–227
["We would violate this rule if we were to construe section 1194 as the
controlling attorney fees provision in administrative proceedings."]; *Sampson*,
at p. 228 ["we decide only that under the Labor Code an employee who
initially files a complaint with the commissioner bears the cost to proceed in
the administrative forum"].)

 In the end, Bombardier asks us to speculate about how the *Sampson*
court would have ruled if the facts of *Sampson* were more like *Eicher* and this
case.  The simple truth is that the facts of *Sampson* are entirely different,
meaning that the issue in that case was entirely different.  As a result,
*Sampson* provides no guidance and certainly casts no doubt on the
correctness of *Eicher*.

D

 Bombardier also relies on several Supreme Court cases decided after
*Eicher*, suggesting they should cause us to question the continued viability
of the *Eicher* rule.  But none of these cases presented the issue we confront
here.  Indeed, none even involved the award of attorney fees and costs.

 In *Sonic II, supra,* 57 Cal.4th 1109, the court reconsidered its earlier
opinion in *Sonic-Calabasas A, Inc. v. Moreno* (2011) 51 Cal.4th 659,
concluding in light of intervening United States Supreme Court authority
that the Federal Arbitration Act preempted a categorical California rule
prohibiting employers from requiring employees, as a condition of their
employment, to waive their right to a Berman hearing.  (*Sonic II*, at pp. 1124,
1142.)  At the same time, the *Sonic II* court held that a required waiver of a
Berman hearing was a factor the trial court could consider in deciding

16

whether an arbitration agreement was unconscionable. (*Id.* at pp. 1125, 1142–1152.) The case was remanded to the trial court to reconsider the employer's motion to compel arbitration. (*Id.* at pp. 1171–1172.)

The *Sonic II* court discussed section 98.2, subdivision (c) as part of its background description of the statutory scheme. There, the court explained that section 98.2, subdivision (c) " 'establishes a one-way fee-shifting scheme, whereby unsuccessful appellants pay attorney fees while successful appellants may not obtain such fees. [Citation.] This is in contrast to section 218.5, which provides that in civil actions for nonpayment of wages initiated in the superior court, the "prevailing party" may obtain attorney fees.' " (*Sonic II, supra*, 57 Cal.4th at p. 1129.) The purpose of the one-way fee-shifting scheme, the court explained, is that "section 98.2, subdivision (c) discourages unmeritorious appeals of Berman hearing awards by providing that a party who unsuccessfully appeals an award must pay the other party's costs and attorney fees." (*Id.* at p. 1130.)

Six years later in *OTO, supra*, 8 Cal.5th 111, the Supreme Court "again consider[ed] the enforceability of an agreement requiring arbitration of wage disputes." (*Id.* at p. 117.) As in *Sonic II*, the focus was a provision in the arbitration agreement requiring that the employee waive the right to both a Berman hearing and litigation in the superior court. (*OTO*, at p. 133.) Referencing the holding in *Sonic II*, the court explained that "while the waiver of Berman procedures does not in itself render an arbitration agreement unconscionable, the agreement must provide *in exchange* an accessible and affordable forum for resolving wage disputes." (*OTO*, at p. 133.) It was in this context that the opinion discussed the affordability of the arbitration process as compared to a Berman hearing. (*Id.* at pp. 133–136.) The court ultimately concluded that the arbitration agreement in that

17

case could not be enforced, largely because the " 'extraordinarily high' degree of procedural unconscionability" (*id.* at p. 126) meant the employee "was coerced or misled into making an unfair bargain" (*id.* at p. 136).

As in *Sonic II*, the *OTO* court mentioned section 98.2, subdivision (c) in its background discussion of the statutory scheme. The *OTO* court explained that when a party appeals the commissioner's decision, the applicable "fee scheme" in section 98.2, subdivision (c) "differs from wage claims brought in superior court, where the 'prevailing party' may obtain attorney fees." (*OTO, supra*, 8 Cal.5th at p. 122.)

Read out of context, the dictum from *Sonic II* and *OTO* may give the appearance of supporting Bombardier's argument that subdivision (c) of section 98.2 provides the exclusive basis for a successful plaintiff to recover attorney fees and costs in a de novo superior court action following a Berman hearing. But neither the *Sonic* cases nor *OTO* addressed the exclusivity of attorney fees and costs under section 98.2; the issues before the court in those cases had nothing to do with when attorney fees and costs were properly awarded in unpaid wages litigation. Moreover, even when viewed without reference to its proper context, none of the cited language actually said that prevailing plaintiffs in de novo superior court proceedings are limited to fees and costs under section 98.2, subdivision (c) or cannot recover them under alternate statutory authorization. The court merely offered a conceptual contrast between attorney fees as a penalty for unsuccessful appellants in section 98.2 with the prevailing party fee provisions in statutes like sections 218.5, 226, and 1194. (See *Sonic II, supra*, 57 Cal.4th at p. 1129; *OTO, supra*, 8 Cal.5th at p. 122.) The fact that section 98.2 does not authorize the award of fees and costs to a prevailing plaintiff/appellant in superior court says nothing about whether another statute does.

18

As the Supreme Court itself has repeatedly cautioned, an opinion must be "understood in the light of the facts and the issue then before the court" (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2) and where an issue is not presented, cases cannot be treated as " ' " 'authority for propositions not considered' " ' " (*Geiser v. Kuhns* (2022) 13 Cal.5th 1238, 1252; see also *McConnell v. Advantest America, Inc.* (2023) 92 Cal.App.5th 596, 611). We decline to treat the generalized background discussion of *Sonic II* and *OTO* as a holding impliedly overruling *Eicher* on an issue that was not decided or even tangentially before the Supreme Court.

E

Finally, we acknowledge that the purpose of the "unsuccessful" appealing party fee provision in subdivision (c) is "to discourage meritless and unwarranted appeals" of labor commissioner decisions. (*Nordquist, supra*, 32 Cal.App.4th at p. 575.) But the interpretation proposed by Bombardier would discourage *appropriate and meritorious* appeals by making most unpaid wage appeals financially impractical to prosecute if the labor commissioner's ruling is adverse to the employee. This interpretation would have the additional consequence of discouraging employees and their counsel from initially employing the Berman procedure for fear that it will create a significant and potentially decisive disadvantage in the event of an adverse administrative ruling.

This case serves as a good illustration. After receiving no relief from the labor commissioner, plaintiffs incurred $200,000 in fees and costs to litigate a de novo trial and recover a collective total of about $140,000 in back wages and penalties. They presumably did so in reliance on *Eicher*'s holding that their fees and costs would be recoverable if they prevailed in the de novo trial. But if we were to accept Bombardier's invitation to disagree with

19

*Eicher*, plaintiffs would wind up in the hole to the tune of $60,000. Such a result would give employees a powerful incentive to steer clear of the more efficient Berman procedure and file their claims directly in superior court, where they would be entitled to recover prevailing party fees and costs.

We see no indication that the Legislature intended such an incongruous result when it enacted section 98.2. The Berman process was designed to "benefit employees with wage claims" (*Sonic II, supra*, 57 Cal.4th at p. 1127), not restrict their remedies. (Cf. *Murphy, supra*, 40 Cal.4th at p. 1119 [declining to adopt an "interpretation of section 98.2 [that] would put an employee using the Berman process in a worse position than an employee proceeding directly in court"].) We conclude that *Eicher* was correctly decided.[8]

---

[8] For the first time in its reply brief, Bombardier cited and discussed two unpublished decisions declining to follow *Eicher*. In doing so, Bombardier's counsel asserted they were "mindful" of the rule against citing unpublished decisions (Cal. Rules of Court, rule 8.1115(a)), but claimed there is an "exception" to the rule to "demonstrate that there is a split in the application of the law . . . ." Although the rule does have exceptions, this is plainly not one of them. (*Id.*, rule 8.1115(b).) We admonish counsel not to cite or rely on unpublished opinions unless allowable under one of the narrow exceptions explicitly listed in the rule.

## DISPOSITION

The order awarding $200,000 in attorney fees and costs is affirmed. Respondents are entitled to recover their costs on appeal.


BUCHANAN, J.

WE CONCUR:


DATO, Acting P. J.


DO, J.