Filed 6/26/15  Abarca v. JK Residential Services CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| FLOR ABARCA, | B256488 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS144978) |
| v. | |
| JK RESIDENTIAL SERVICES, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Richard L. Fruin, Jr., Judge.  Affirmed.

————

Law Offices of Robert Lee and Robert Lee for Plaintiff and Appellant.

Law Offices of Kevin Jones, Kevin B. Jones and Karen E. Nakon for Defendant and Respondent.

————

Flor Abarca appeals from the judgment entered after a bench trial in which the trial court found her an exempt employee and rejected her claim against her former employer, JK Residential Services, Inc., for wage and hour violations. Abarca contends that the court should have allowed her to conduct additional discovery and tried the matter to a jury. She also contends that substantial evidence does not support the exempt employee finding. We reject her contentions and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2011, JK Residential, a residential property management company, hired Abarca to supervise the operations of 11 to 13 apartment properties. JK Residential terminated her about nine months later in July 2012. Abarca filed a complaint with the Labor Commissioner claiming wage and hour violations. The Labor Commissioner found in Abarca's favor and awarded her approximately $50,000. JK Residential appealed to the trial court pursuant to Labor Code section 98.2, subdivision (a), which provides for de novo review of the Labor Commissioner's award. After a bench trial, the court found Abarca was an exempt employee and thus not entitled to the compensation she sought for wage and hour violations. Abarca filed a notice of appeal. The court subsequently entered judgment for JK Residential.[1]

## DISCUSSION

1. *Abarca Did Not Preserve a Claim for Appeal Regarding Discovery*

In a proceeding under Labor Code section 98.2, subdivision (a), the trial court has discretion whether to allow discovery. (*Sales Dimensions v. Superior Court* (1979) 90 Cal.App.3d 757, 763.) "[W]here the matter is analogous to a small claims case, i.e., the amount in controversy is not great and the issues involved are not complex, the court should give effect to the policy of the discovery statutes and of the Labor Code by

---

[1] Abarca filed a notice of appeal on May 21, 2014. The trial court entered judgment on July 22, 2014. We construe Abarca's premature notice of appeal as an appeal from the judgment. (Cal. Rules of Court, rule 8.104(d)(1); see *Bosetti v. United State Life Ins. Co. in City of New York* (2009) 175 Cal.App.4th 1208, 1223, fn. 11 [notice of appeal filed after trial court ruled but before entry of judgment treated as appeal from subsequently entered judgment].)

2

limiting or precluding discovery.  [Citation.]  But where the amount in dispute is large or the issues complex, discovery may be appropriate."  (*Ibid*.)

Abarca "acknowledges [that] the court record is silent as to the trial court's rulings on discovery" and that she did conduct some discovery.  She nevertheless contends that the court "erred in denying [her] critical discovery."  The record, however, does not reflect that Abarca objected to any ruling by the court regarding discovery or that she requested but was refused additional discovery.  As such, Abarca has not preserved a claim for appeal related to discovery.  (*Children's Hospital & Medical Center v. Bonta* (2002) 97 Cal.App.4th 740, 776 ["'appellate court will not consider procedural defects or erroneous rulings where an objection could have been made, but was not[] raised in the court below'"].)

Abarca contends that, even though she did not raise a discovery issue in the trial court, we should address it on appeal.  An appellate court has discretion to address a new theory when it raises a pure question of law.  (*In re Marriage of Priem* (2013) 214 Cal.App.4th 505, 511 [appellate court has discretion to address "theory presented for the first time on appeal [that] involves only a legal question determinable from facts[,] which are not only uncontroverted in the record, but which could not be altered by the presentation of additional evidence"].)  The discovery issue raised by Abarca is not a pure question of law.  Whether to allow discovery in a Labor Code section 98.2, subdivision (a), proceeding is a matter of trial court discretion (*Sales Dimensions v. Superior Court*, *supra*, 90 Cal.App.3d at p. 763), and indeed Abarca did conduct some discovery.  Abarca also suggests that we should decide how much discovery is appropriate in a Labor Code section 98.2, subdivision (a), proceeding as an issue of "public and legal concern" and remand the matter for any necessary factual development.  But, because the issue is discretionary (*ibid*.), it is not subject to an abstract ruling by the appellate court with a remand for factual development.  No basis thus exists for us to address the new theory on appeal.

3

2.     *Trial of the Case to the Court Rather Than a Jury Is Not a Basis for Reversal*

Abarca maintains reversal of the judgment is required because "the trial court did not offer the parties an unconditional right to a jury trial" and "[d]enial of a request for [a] jury trial on jury triable issues is reversible error per se." According to Abarca, however, the court "ordered the parties to explain whether there was a right to a jury trial." JK Residential asserts that "[t]here is in fact no record that [Abarca] at any time in the trial court announced that a jury trial was required" and that Abarca "fails to produce a record that [jury trial] fees were paid." Abarca does not respond to these assertions. And nothing in the appellate record suggests that Abarca maintained that a jury trial was required or paid any jury trial fees. As a result, trial of the matter to the court rather than a jury is not grounds for reversal.

3.     *Substantial Evidence Supports the Exempt Employee Finding*

"Labor Code section 98.2 provides for a de novo trial in superior court on appeal from an order by the Labor Commissioner. On appeal from the judgment of the superior court, the findings of the Labor Commissioner are entitled to no weight, and review is of the facts presented to the trial court. [Citation.]" (*Nordquist v. McGraw-Hill Broadcasting Co.* (1995) 32 Cal.App.4th 555, 560-561.) Whether an employee is exempt from wage and hour provisions is a "factual issue" that we review "under the substantial evidence rule. [Citation.]" (*Id*. at p. 561.) "Thus, our authority begins and ends with a determination whether, on the entire record, there is any substantial evidence—that is, of "'ponderable legal significance,'" reasonable, credible and of solid value—contradicted or uncontradicted, which will support the judgment. As long as there is such evidence, we must affirm. [Citation.] Moreover, when . . . the evidence is in conflict, the appellate court will not disturb the findings of the trial court. The court must consider the evidence in the light most favorable to the prevailing party, giving that party the benefit of every reasonable inference and resolving conflicts in support of the judgment. [Citation.]" (*Ibid*.)

4

"The Industrial Welfare Commission may establish exemptions from the requirement that an overtime rate of compensation be paid . . . for executive, administrative, and professional employees, if the employee is primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercises discretion and independent judgment in performing those duties, and earns a monthly salary equivalent to no less than two times the state minimum wage for full-time employment." (Lab. Code, § 515, subd. (a).)  The executive exemption at issue here provides that "[a] person employed in an executive capacity means any employee: [¶] (a) Whose duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof; and [¶] (b) Who customarily and regularly directs the work of two or more other employees therein; and [¶] (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and [¶] (d) Who customarily and regularly exercises discretion and independent judgment; and [¶] (e) Who is primarily engaged in duties which meet the test of the exemption. . . . [¶] (f) Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.  Full-time employment is defined in Labor Code section 515(c) as 40 hours per week." (Cal. Code Regs, tit. 8, § 11040, subd. 1(a)(1).)

Substantial evidence supports the trial court's determination that Abarca came within the executive exemption.  Abarca's duties and responsibilities involved management of a subdivision of JK Residential.  As a property supervisor, Abarca was in charge of the operations of a portfolio of JK Residential's properties, 11 to 13 apartment buildings totaling 400 to 500 units.  She served as the direct contact between the building managers of those properties and the corporate office.  She supervised the managers, as well as maintenance workers for her portfolio, which together were about 16 people.  That supervision included setting the schedule for maintenance workers and reviewing and approving requests from managers to hire vendors to perform work at the properties.

5

She participated in the interviewing process for apartment managers and maintenance workers and made recommendations to the human resources department regarding hiring and firing. She gave warnings to employees as disciplinary actions, terminated employees and recommended job transfers when appropriate. Abarca made recommendations to the corporate office for capital improvements at her properties and rent increases based on her evaluation of market conditions in a building's geographic area. JK Residential paid Abarca a salary of $2,800 per month in two installments of $1,400. Abarca received this salary even when she took partial days off for religious services or family obligations. She does not challenge that she earned the minimum salary as defined by Labor Code section 515, subdivisions (a) and (c), to qualify her as an exempt employee.

Abarca contends that, because certain of her properties were without managers during the time of her employment, she performed the duties of apartment managers, which were not executive responsibilities as described by the exemption. But the need for Abarca to cover the duties of apartment managers at times did not eliminate the necessity for her to perform her own responsibilities as a supervisor, which according to the evidence generally occupied about 80 percent of a supervisor's time. Abarca also maintains that, because JK Residential required her to obtain approval from the corporate office on certain matters, she did not have the requisite discretion and independent judgment. The evidence, however, demonstrates that Abarca, as a supervisor, had discretion and independent judgment over a variety of matters even though at times she coordinated with human resources or her own supervisor or sought approval for spending above a certain threshold on property improvements or repairs.

## DISPOSITION

The judgment is affirmed.  JK Residential is entitled to recover its costs on appeal.

NOT TO BE PUBLISHED.


                                          ROTHSCHILD, P. J.

We concur:



        CHANEY, J.



        BENDIX, J.*

---

*      Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.